MATTER OF K—

In VISA PETITION Proceedings

A-11909774

*Decided by Board September 16, 1960*

**Preference quota status—Adopted child—Not entitled to benefits from natural parent.**

Child adopted in accordance with requirements in section 101(b)(1)(E) is not entitled to benefits from petition filed by natural parent to confer preference quota status.

## BEFORE THE BOARD

**DISCUSSION:** The case comes forward on appeal from the order of the District Director, Chicago District, dated June 23, 1960, denying the visa petition for the reason that it appears that the beneficiary was given in adoption on November 22, 1934, at Copenhagen, Denmark, by the petitioner and can, therefore, no longer be considered the legal daughter of the petitioner.

The petitioner, a native and citizen of Sweden, 52 years old, female, is a lawful permanent resident alien. She seeks preference quota status for the beneficiary under section 203(a)(3) of the Immigration and Nationality Act as her unmarried daughter. The beneficiary is a native and citizen of Denmark, 28 years old, female. Evidence has been submitted that the beneficiary has been twice divorced and is presently qualified as "unmarried" (8 U.S.C. 1101 (a)(39)).

The record also contains a copy of a royal decree establishing that the beneficiary was adopted at Copenhagen, Denmark, on November 22, 1934, by K—T—R and his wife and was given the surname of the adoptive parents. It is to be noted that the beneficiary was two years of age when adopted.

Section 205(b) of the Immigration and Nationality Act, as amended by the Act of September 22, 1959, provides that no petition for a preference in behalf of a son or daughter under paragraph (3) of section 203(a) of the Immigration and Nationality Act shall be approved unless the petitioner establishes that he is a parent as defined in section 101(b)(2) of the Immigration and Nationality

Act of the alien in respect to whom the petition is made. Section 101(b)(2) provides that the term "parent" means a parent only where the relationship exists by reason of any of the circumstances set forth in paragraph (1) of that section. The five categories set forth in paragraph (1) include a legitimate child, a stepchild, a legitimated child, an illegitimate child in relation to its natural mother, and finally, in subparagraph (E), a child adopted while under the age of 14 years if the child has thereafter been in the legal custody of and has resided with the adopting parent or parents for at least two years: *Provided*, that no natural parent of any such adopted child shall thereafter by virtue of such parentage be accorded any right, privilege or status under the Act.

In the instant case it appears that the beneficiary was given in adoption at the age of two years. The adoption therefore complies with the requirements of section 101(b)(1)(E), and the proviso contained in that subparagraph—that no natural parent of any such adopted child shall thereafter, by virtue of such natural parentage, be accorded any right, privilege or status under the Act—would apply (*Matter of B—*, A-8115379, 9—46). The natural parent by virtue of the provisions of section 101(b)(1)(E) is precluded from asserting any right, privilege or status with respect to the natural child under the Act, in view of the intervening adoption. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.