MATTER OF B—

In VISA PETITION Proceedings

A-8115379

*Decided by Board August 22, 1960*

Adoption—Benefits under immigration laws based on natural relationship be-
tween parent and child not lost when child is adopted after age 14.

Adult naturalized United States citizen who was legally adopted in this coun-
try at age 15 held entitled to confer second preference quota status upon
natural parents. Unless an adopted child acquires immigration rights and
privileges as between himself and his adoptive parents pursuant to an adop-
tion which has conformed to the standards contained in section 101(b)
(1)(E) of the Immigration and Nationality Act, his relationship with his
natural parents remains unchanged for immigration purposes.

**BEFORE THE BOARD**

DISCUSSION: The case comes forward pursuant to certification
by the District Director, Phoenix District, of his order dated April
14, 1960, approving the visa petitions on behalf of the beneficiaries
for preference status under section 203(a)(2) of the Immigration
and Nationality Act.

The facts concerning the visa application are set forth fully in
the decision of the district director. The petitioner is a native of
Greece, born January 23, 1939, female, single, who was admitted to
the United States for permanent residence on September 19, 1951,
under the provisions of section 3(b)(4) of the Displaced Persons
Act of June 25, 1948. She became a naturalized citizen of the United
States under the general provisions of the naturalization law on
February 17, 1958, and thereafter filed the instant petitions to accord
second preference quota status for her natural parents. The father
and mother are natives of Turkey, citizens and residents of Greece,
56 and 45 years old, respectively.

The district director's order reflects that the petitioner (and her
brother) were admitted to the United States as displaced persons
under section 3(b)(4) of the Displaced Persons Act of 1948 and
were destined to their aunt and uncle, F— and F—B—, residing in
Phoenix, Arizona. Apparently the petitioner's natural parents were
not eligible as displaced persons. The petitioner and her brother

46

were adopted by their aunt and uncle on October 25, 1954, pursuant to a decree of adoption made on that date by the Superior Court of Arizona in Maricopa County. It is to be noted that the petitioner was over 15 years of age when the adoption occurred. In connection with the appeal, the petitioner advises that the primary purpose of the adoption was to assure her and her brother a legal guardianship until such time as the natural parents could be admitted to the United States and there was no thought of using the adoption as a means of securing entry permits for the parents; that it was unfortunate that they were not made temporary wards instead of being adopted; and that the uncle is now almost completely incapacitated as a result of multiple sclerosis.

Title 8, section 108, Arizona Revised Statutes, provides that, effective as of the date of entry of the final order of adoption, the child shall no longer be the child or heir of the natural parents, or entitled to any of the rights and privileges, or subject to any of the obligations of a child of its natural parents. Informal advice from the Chief Deputy County Attorney, Maricopa County, where the adoption took place, is to the effect that the express purpose of this section was to wipe out any connection between the child and the natural parents.

Section 203(a)(2) of the Immigration and Nationality Act as amended by the Act of September 22, 1959 grants preference quota status to parents of adult citizens of the United States. Under section 101(b)(2) the term "parent" means a parent only where the relationship exists by reason of the circumstances set forth in section 101(b)(1) of the Immigration and Nationality Act, as amended. This section sets forth five categories, including section 101(b)(1)(E), which was added by the Act of September 11, 1957 and makes eligible for immigration benefits an adopted child who is defined as:

(E) a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years: *Provided*, That no natural parent of any *such* adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act. (Emphasis supplied.)

Reference to the definition of adopted child discloses that for immigration purposes an ordinary adoption is not sufficient. It is necessary, in order to qualify for immigration status or benefits, that the child be adopted while under the age of 14 years, thereafter be in the legal custody of, and reside with, the adopting parent or parents for at least two years; and the law contains a proviso that no natural parent of any "such" adopted child shall thereafter be accorded any right, privilege or status under the Immigration and Nationality Act. It may be noted at the outset that the adopted child in this case could not qualify as "such" adopted child as

defined for immigration purposes, since the child was adopted when over the age of 14 years. The fact that the child was regarded as legally adopted under the laws of the State of Arizona does not have any significance under federal immigration laws other than that the adoption must accord with the procedural adoptive requirements of the state.

Subparagraph (E) of section 101(b)(1) was added to the Immigration and Nationality Act by the Act of September 11, 1957 (71 Stat. 639) which, for the first time, gave formal recognition to adopted children for the purpose of nonquota or preference status. The legislative history of this amendatory act first makes reference to certain administrative decisions of the Attorney General as to the terms "child" and "stepchild"[1] which the Congress regarded as not in conformity with the congressional intent and which the new legislation was designed to clarify. The definition of "child" was extended to include adopted children under limited circumstances: i.e., in those cases where the child was adopted while under the age of 14 years and had thereafter been in the legal custody of, and had resided with, the adopting parent or parents for at least two years.[2] It was observed that the term "child" under existing law did not include adopted children, and the belief was expressed that the proposed amendment was desirable to prevent hardship in cases where the child was chargeable to a heavily oversubscribed quota and would not otherwise be able to accompany his adoptive parents. It was stated that adequate safeguards were included in the new legislation to prevent abuses in adoption cases, such as *ad hoc* and fraudulent adoptions made for the purpose of circumventing the immigration laws.[3] The only reference to the proviso contained in section 101(b)(1)(E) cutting off any right, privilege or status under the Act to a natural parent by virtue of such parentage subsequent to the adoption, is a comment in the Congressional Record to the effect that a technical amendment to the bill was proposed to bring this section into accord with section 4 of the bill which relates to eligible orphans.[4]

The legislative history, therefore, evinces a clear congressional intent to prevent hardship in the case of a family with adopted children by according such children recognition for immigration

---

[1] Undoubtedly *Matter of A—*, 5—272, and *Matter of M—*, 5—120.

[2] The limitation that the child be under 14 years of age overruled *Matter of R—*, 5—438, which recognized an adoption for purposes of section 203(a)(4) in a case in which the beneficiary was adopted when 24 years of age.

[3] Senate Report No. 1057 to accompany S. 2792 (85th Cong., 1st Sess.) pp. 3, 4; 2 U.S. Code congressional and Administrative News, p. 2020.

[4] Volume 103, Part 12, Congressional Record, p. 16301 (August 28, 1957).

purposes. However, the new legislation prescribed a federal standard for adoption in order to prevent certain abuses by restricting eligibility of such adopted children for immigration purposes to those adopted under the age of 14 years and requiring two years' custody and residence of the adopted child with the adoptive parents after the adoption. These federal standards laid down by the law supersede the requirements of the state law which are effective only insofar as the procedural requirements for adoption are concerned.

In the instant case, the adoption occurred when the petitioner herein was over 14 years of age. It, therefore, failed to meet the federal standard for an adoption to be recognized for immigration purposes. Therefore, for immigration purposes the adoption has no effect, and may be considered as neither conferring any immigration right, privilege or status as between the parties to the adoption nor as affecting the natural relationship existing between the parent and child. Since this relationship between parent and child has not been changed for immigration purposes, the visa petitions may be approved for second preference status on behalf of the natural parents.

**ORDER:** It is ordered that the visa petitions be approved for preference status under section 203(a)(2) of the Immigration and Nationality Act on behalf of the beneficiaries.

654377—63——5