MATTER OF S—

In VISA PETITION Proceedings

A-12096435-6

*Decided by Board January 22, 1962*

**Preference quota status—Not available to natural parents of adopted child.**

Parents of an adult United States citizen can qualify for preference quota status only when their relationship as parents exists by reason of the circumstances set forth in section 101(b)(1) of the Immigration and Nationality Act, as amended. Hence, the natural parents of a child adopted within the meaning of section 101(b)(1)(E) have lost their status as parents for immigration purposes and cannot qualify for preference quota status.

**BEFORE THE BOARD**

**DISCUSSION:** Petitioner, age 24 years, a native of the Soviet Union, naturalized citizen of the United States (Certificate No. 8215527—August 1, 1960), in petition filed November 14, 1960, seeks preference quota immigrant visa status in behalf of each of his natural parents, I—S— and R—S—, the beneficiaries, under section 203(a)(2), Immigration and Nationality Act, as amended. The beneficiaries are aliens residing in the Soviet Union. The father is a native of Rumania and the mother is a native of the Soviet Union. The petition has been denied on a finding that the natural parents are precluded from the benefits of the petition because the petitioner became the adopted child of adoptive parents while he was under the age of 14 years (section 101(b)(1)(E), Immigration and Nationality Act), and as a matter of law, the relationship or status (natural parents and adult citizen son) alleged in the petition cannot be established as required by the provisions of the Immigration and Nationality Act, as amended by the Act of September 11, 1957 (P.L. 85–316), the Act of September 22, 1959 (73 Stat. 644), and by section 25(a) of the Act of September 26, 1961 (75 Stat. 657).

The available evidence will be summarized briefly. The petitioner states that he was born June 10, 1937. He has omitted to state in his petition that he is the adopted son of adoptive parents. However, the record contains a report of investigation dated October 17, 1961, in which there are facts showing the petitioner was legally

567

adopted by Dr. and Mrs. T—K— on November 11, 1950, in Tel Aviv, Israel, in accordance with the laws of that country. In fact, a Service investigator interviewed Mrs. T—K—, the adoptive mother, on October 8, 1961, in New York City, at which time she acknowledged that she and her husband formally adopted the petitioner. She exhibited a certificate of adoption in the Hebrew language, which she translated for the benefit of the investigator. The petitioner was age 13 years at the time of adoption. He had been in the custody of the adoptive parents since 1941, and it appears that the family unit (adoptive parents and adopted child) existed up to 1955 or longer.

The petitioner does not dispute the foregoing facts disclosing that he was legally adopted while under the age of 14 years. He merely contends that his adoptive parents immigrated to the United States on January 17, 1955, and he was not admitted until May 3, 1955. He contends that the proviso to section 101(b)(1)(E) is inapplicable to deprive his natural parents of rights and benefits under the Immigration and Nationality Act.

The issue is whether the beneficiaries of this petition are entitled to benefits under the immigration laws based on natural relationship between parents and child (son), the natural son, a United States citizen, having been legally adopted by adoptive parents. Sections 101(b)(1) and (2) of the Immigration and Nationality Act, as amended September 11, 1957, define certain terms relevant in the adjudication of the issue:

(1) The term "child" means an unmarried person under twenty-one years of age who is—

(A) a legitimate child; or

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(E) a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years: *Provided*, That no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) The terms "parent", "father", or "mother" mean a parent, father, or mother only where the relationship exists by reason of any of the circumstances set forth in (1) above.

Petitioner seeks preference status as the adult citizen son of his natural parents for such parents. He was at birth the legitimate blood son of his natural parents. Section 203(a)(2) of the Immigration and Nationality Act, as amended by the Act of September 22, 1959, grants preference quota status to parents of adult citizens of the United States. Under section 101(b)(2) of the Immigration and Nationality Act, the term "parent" means a parent only where the relationship exists by reason of the circumstances set forth in

section 101(b)(1) of the Act, as amended. This section sets forth five categories, including section 101(b)(1)(E) (quoted above), which makes eligible for immigration benefits an adopted child, and provides that no natural parents of any such adopted child shall thereafter by virtue of such parentage, claim a privilege, right, or status in their behalf under the provisions of the immigration laws as a matter of law. This petitioner has become the legally adopted son of adoptive parents, and his relationship to his natural parents, existing at birth, has changed for immigration purposes. Consequently, the natural parents must be denied all rights, privileges and status claimed by reason of relationship to the petitioner under the Immigration and Nationality Act.

**ORDER:** It is ordered that the appeal in this case be dismissed.