## MATTER OF VALSAMAKIS

### In Visa Petition Proceedings

#### A–17956472

*Decided by Board August 30, 1967*

Petitioner, an adult naturalized citizen, who was admitted for permanent residence in 1951 in nonquota status as an eligible displaced Greek orphan under section 2(e) of the Displaced Persons Act of June 25, 1948, and who derived no benefits for immigration purposes from her subsequent adoption by United States citizens in 1952 while under 14 years of age, is not precluded by the proviso to section 101(b)(1)(E) of the Immigration and Nationality Act, as amended, from conferring immediate relative status on her natural father, the beneficiary.

ON BEHALF OF PETITIONER: John A. Hodges, Esquire
821 Market Street, Suite 511
San Francisco, California 94102

The case comes forward pursuant to certification by the District Director, San Francisco District, of his order entered June 29, 1967 denying the visa petition for the reason that the petitioner, having met the requirements of section 101(b)(1)(E) of the Immigration and Nationality Act as an adopted child, is limited by the proviso of that section, and can not accord any right, privilege or status to her natural father under the Act; therefore, the beneficiary, the natural father, is ineligible for immigrant status as the father of a United States citizen under section 201(b) of the Immigration and Nationality Act, as amended.

The petitioner, a native of Greece, a citizen of the United States by naturalization on June 2, 1959, 28 years old, female, married, seeks immediate relative status on behalf of the beneficiary as her father. The beneficiary is a native and citizen of Greece, 70 years old.

The documents submitted in support of the visa petition established that the beneficiary is a widower and that the petitioner is his natural child, the daughter of the beneficiary, Constantinos, and Angelikis. The file also contains a decree of adoption in the Superior Court of the State of California in and for the County of Contra Costa dated August 7, 1952 whereby the petitioner was adopted by Nicolleta and Peter Voresis. The decree of adoption recites that the mother of the adopted

child is deceased and the father has given his written consent to the adoption.

A memorandum to the file dated May 1, 1967 indicates that the petitioner was admitted to the United States on December 15, 1951 in non-quota status as an eligible displaced Greek orphan under section 2(e) of the Displaced Persons Act of June 25, 1948.[1] The memorandum points out that the definition in section 101(b)(1)(F) of the Immigration and Nationality Act relating to an orphan requires that the orphan be adopted abroad by a United States citizen and his spouse, or that the child be coming to the United States for adoption in the United States by a United States citizen and his spouse, who have complied with the adoption requirements, if any, of the child's proposed residence. Section 101(b)(1)(F) also provides that no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under the Act. The memorandum points out that the definition of the term, "eligible displaced orphan" in the Displaced Persons Act has no requirement whatsoever that the orphan will be adopted in the United States or has been adopted abroad by a United States citizen.

When the petitioner came to the United States she was sponsored by the United States Committee for the Care of European Children. Although she was visiting her uncle, Peter Voresis, who together with his wife, adopted the beneficiary by court order dated August 7, 1952, there is no evidence whatsoever in the petitioner's file indicating that it was her uncle's intention to adopt the petitioner when she received her visa or when she was admitted to the United States. The memorandum further indicates that the adoptive parents were both citizens of the United States, Peter Voresis having been naturalized July 19, 1929 and his wife, Nicoletta Voresis, having been naturalized November 24, 1942. The memorandum concludes that the petitioner could not confer a benefit upon her adoptive parents, since they are both citizens; however, it is conceivable that if one or both of the parents were to become expatriated, she could confer preference quota status on the expatriated parent and that in this possibility the case differs from *Matter of Lum*, Int. Dec. No. 1433.

---

[1] The Act of June 25, 1948 defines an eligible displaced orphan in section 2(e) of the Displaced Persons Act in pertinent part as a native of Greece who on or after January 1, 1940, or on or before January 1, 1949, was forcibly removed or forced to flee from his former habitual residence in Greece as the direct result of military operations in Greece by the Nazi Government or by military operations in Greece by the communist guerrillas, and on January 1, 1950 resided in Greece and meets the qualifications of said divisions (1), (2), (3) and (5) of this subsection. (These subsections place further qualifications upon an "eligible displaced orphan" which the petitioner apparently met.)

It is believed that although the memorandum correctly and fully sets forth the facts, it has misconstrued our decision in *Matter of Lum*, Int. Dec. No. 1433. In *Matter of Lum*, the petitioner was adopted in China during infancy. However she entered this country not as an adopted child but as a nonquota wife of a United States citizen. We held that the proviso in subparagraph (E) of section 101(b)(1) of the Act, which reads "that no natural parent or any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act," was inapplicable when an adopted child has received no immigration benefits from her adopted status, and as a matter of either law or fact was in no position to claim such benefit; therefore, the petitioner's adoption was immaterial and did not affect the beneficiary's eligibility for classification as a second preference quota immigrant based upon the blood relationship of natural mother to the petitioner.

Replying to a Service motion for reconsideration, on December 31, 1964 we affirmed our previous order of October 19, 1964 in *Matter of Lum*. We stated that a prior holding in *Matter of B—*, 9 I. & N. Dec. 46, laid down the rule that an adopted child who could not benefit by the adoption under the immigration laws because not within the definition of an adopted child under section 101(b)(1)(E), because over 14 years at time of adoption, was not disqualified by the proviso to that subsection from receiving an immigration benefit from his natural parents. *Matter of Lum*, Int. Dec. No. 1433, expanded *Matter of B—*, and held that the prohibition contained in the proviso also had no application where an adopted child has received no benefit under the immigration laws from the adoptive parent or parents and could not receive any immigration benefit from the adoption, the adoptive parents being dead.

In the instant case, the petitioner entered the United States for permanent residence as an eligible orphan under the Displaced Persons Act of 1948 and derived no benefit from the subsequent adoption. Her adoptive parents, already being citizens of the United States, can not derive any benefit from the petitioner. The possibility of a benefit in the unlikely case of expatriation of the adoptive parents mentioned in the memorandum is considered so remote and speculative as to have no part in a realistic appraisal of the situation.[2]

We conclude that the petitioner, having received no benefit for immigration purposes under the adoption, is not "such adopted child" as described in the proviso to section 101(b)(1)(E) of the Act and

---

[2] The Service fell into the same error in its motion for reconsideration in *Matter of Lum*, Int. Dec. No. 1433.

is not precluded by that proviso from petitioning for her natural father. The visa petition will be approved.

**ORDER**: It is ordered that the visa petition be approved for immediate relative status on behalf of the beneficiary.