MATTER OF KIRBY

In Visa Petition Proceedings

A-14247013

*Decided by Board March 19, 1969*

Where beneficiary was legally adopted by court decree in the Philippines on September 25, 1950 when she was less than a year old and until 1964 she was in the possession and custody of the adoptive parents, a valid adoption exists in accordance with the requirements of section 101(b)(1)(E) of the Immigration and Nationality Act, as amended, and the proviso to that section precludes the approval of a visa petition filed on behalf of the beneficiary by her natural mother to confer immediate relative status.

ON BEHALF OF PETITIONER: Gerald L. McVey, Esquire
30 Hotaling Place
San Francisco, California 94111
(Brief filed)

The case comes forward on appeal from the order of the District Director, San Francisco District, dated January 13, 1969 denying the visa petition for the reason that the claimed relationship has not been established in view of the fact that the beneficiary was legally adopted on September 25, 1950 by Antonio Angeles and his wife, Emilia Soriano.

The petitioner, a native of the Republic of the Philippines, a naturalized citizen of the United States, 42 years old, female, seeks immediate relative status on behalf of the beneficiary as her daughter. The beneficiary is a native and citizen of the Republic of the Philippines, born January 28, 1950.

The file contains a memorandum dated May 20, 1968 from the officer-in-charge, Immigration and Naturalization Service, Manila, Philippines to the District Director, San Francisco, California. On April 10, 1968, Antonio Angeles and his wife, Emilia Soriano, were interviewed at the Manila office. Mrs. Angeles stated that the beneficiary was born out of wedlock to Isabel Conclara Kirby and was given to her and her husband when the beneficiary was three months old; that Mrs. Kirby was aware that the beneficiary was legally adopted by Mr. and Mrs. Angeles on Sep-

173

tember 25, 1950 by a decree of the Court of First Instance of Rizal, Seventh Judicial District, Pasay City, Philippines because she executed a written instrument using the name Susana Guanco, which is referred to as Exhibit "D" in the decision of the court. On May 13, 1951 Mr. and Mrs. Angeles had the beneficiary baptized as Cynthia Angeles at the Church of Our Lady of Sorrows, Pasay City, Philippines, and had their names recorded as the natural parents, to conceal from the beneficiary when she became older that she had been born out of wedlock. They also obtained a delayed birth certificate for the beneficiary as Cynthia, Angeles on August 13, 1964 at the Registrar's Office, Manila, Philippines. When Mrs. Angeles, her son, Norman, and the beneficiary went to the United States in 1964 accompanied by the mother of Mrs. Angeles, their fares were paid for by her spouse, Antonio R. Angeles.

Service records show that the beneficiary was issued a B-2 visa on July 15, 1964; that she entered the United States on August 27, 1964 as a visitor to accompany her mother, Emilia Angeles. Her status was later changed to that of a student on January 20, 1965, and extension of temporary stay was granted to January 19, 1968. Immigration files show that she entered under the name of Cynthia Angeles, and that the change of status to that of a student was granted because her mother was taking care of her own mother who was under medical treatment, and her father resided in the Philippines. All of the immigration records relating to her arrival and change of status are in the name of Cynthia Angeles.

A sworn statement was taken from the petitioner on March 18, 1968 with her attorney present. The petitioner testified that she married Raymond Kenneth Kirby on February 21, 1952. She stated that when she was issued an immigrant visa on May 11, 1953 by the American Embassy in Manila, when she was naturalized, and when she made an application for naturalization in 1958, she stated that she had no children. In fact, she had a daughter whom her husband knew about. She stated that the beneficiary in 1953 was living with Emilia Angeles. In explanation of the baptismal certificate she presented, she stated that she did not have a name for the father and she gave her own father's name as the father. She stated that she kept the child over three months. In response to questions asked by her attorney, petitioner stated that she sent money to the Philippines for her daughter and for Mrs. Angeles to come to the United States. The petitioner stated that she first started supporting her child when she arrived here,

providing all her clothes and doctor's expenses but had not provided for her support prior to the beneficiary's arrival in the United States. She stated that she gave her daughter, Cynthia, to Antonio and Emilia Angeles to be raised but that she did not talk to them about adoption. She professed not to know about a baptismal certificate submitted May 13, 1951 in which it is stated that the beneficiary was baptized as the child of Antonio Angeles and Emilia Soriano, and that she was born on January 28, 1950. She explained that difficulties later arose between herself and Mrs. Angeles, and that she made a deal with Mrs. Angles that she would give her a round-trip-ticket to the Philippines, from San Francisco to the Philippines and from the Philippines back to San Francisco, provided that she would leave Cynthia with her and would leave them alone. The petitioner acknowledged that from 1953 until 1964 she did not see the beneficiary, and that she had not acknowledged Cynthia as her daughter at any time prior to 1964.

Section 101(b) (1) (E) of the Immigration and Nationality Act, as amended, defines an adopted child as "a child adopted while under the age of 14 years if the child has thereafter been in the legal custody of, and has resided with the adoptive parent or parents for at least two years: *Provided,* that no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act." In *Matter of Lum,* 11 I. & N. Dec. 55, we approved the petition of an adult naturalized United States citizen, who was adopted in China during infancy, to accord her natural mother a preference quota classification under section 203(a) (2) of the Immigration and Nationality Act, notwithstanding the proviso to section 101(b) (1) of the Act. However, in that case the petitioner entered this country not as an adopted child but as the nonquota wife of a United States citizen. Her adoptive father was dead and her adoptive mother, not having been heard from in many years, was presumed dead. The petitioner in that case had received no immigration benefit through her adoptive status and as a matter either of law or fact was in no position to claim such a benefit through that status.

In *Matter of B——,* 9 I. & N. Dec. 46, we held that an adult naturalized United States citizen, who was legally adopted in this country at age 15, such an adoption being a nullity for immigration purposes, was entitled to confer second preference status upon her natural parents. However, in *Matter of K——,* 9 I. & N. Dec. 116, we held that a child adopted in accordance with the re-

175

quirements of section 101(b) (1) (E) of the Immigration and Nationality Act, as amended, was not entitled to benefits from a petition filed by the natural parents to confer preference quota status.

In the instant case, the beneficiary was legally adopted by a decree of the Court of First Instance of Rizal, Seventh Judicial District, Pasay City Branch, Republic of the Philippines, on September 25, 1950 when she was less than a year old, and until 1964 she was in the possession and custody of the adoptive parents. The adoptive parents have testified that the petitioner in the instant case knew about the adoption and signed a written instrument under the name of Susana Guanco which is referred to as Exhibit "D" in the decision of the court. Inasmuch as there has been a valid adoption for immigration purposes of the beneficiary by her adoptive parents, the proviso in section 101(b) (1) (E), as amended, of the Immigration and Nationality Act comes into play and precludes any status by virtue of the natural parentage of such adopted child. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.