## MATTER OF HEUNG

### In Visa Petition Proceedings

A-21020882

*Decided by Board November 25, 1974*

In order to support a claimed brother and sister relationship a petitioner has to establish that he and the beneficiary are or once were "children of a common parent" within the meaning of section 101(b)(1) and (2) of the Immigration and Nationality Act. Petitioner's mother married the father of the beneficiary in 1974. By virtue of that 1974 marriage, the beneficiary became the stepchild of petitioner's mother through operation of section 101(b)(1)(B) of the Act, and petitioner's mother became the parent of the beneficiary within the meaning of section 101(b)(2). Therefore, the petitioner and beneficiary have a common parent for immigration purposes, and the petition under section 203(a)(5) of the Act should be approved, notwithstanding there is no consanguineous relationship between petitioner and beneficiary. Matter of Campbell, 13 I. & N. Dec. 552 (BIA 1970), overruled.

ON BEHALF OF PETITIONER:   Joseph P. Fallon, Jr., Esquire
                            30 Hotaling Place
                            San Francisco, California 94133

The United States citizen petitioner applied for preference status for the beneficiary as his stepsister under section 203(a)(5) of the Immigration and Nationality Act. In a decision dated August 16, 1974, the district director approved the visa petition, concluding that the petitioner and the beneficiary should be regarded as "brother" and "sister" within the meaning of the Act. Inasmuch as this conclusion is in conflict with our decision in *Matter of Campbell,* 13 I. & N. Dec. 552 (BIA 1970), the district director has certified his decision to us pursuant to the provisions of 8 CFR 3.1(c). We shall overrule *Matter of Campbell,* and affirm the decision of the district director.

In *Matter of Campbell,* supra, we held that a United States citizen petitioner could not confer a fifth preference classification upon her stepsister, since they were not "sisters of the whole or half blood" in that the petitioner and the beneficiary did not have a common natural parent. However, in cases dealing with adoption, we have recognized that individuals may qualify as "brothers and sisters" by virtue of adoption in accordance with section 101(b)(1)(E), even though such a relationship is not consanguineous. *Matter of Fong,* 10 I. & N. Dec. 497

(BIA 1964); *Matter of Butterly*, 14 I. & N. Dec. 460 (BIA 1973). We overrule our holding in *Matter of Campbell*, supra, because it is inconsistent with the reasons underlying the foregoing decisions.

We agree with the district director that the definitions of the terms "parent" and "child" in section 101(b)(1) and (2) should be applied in determining whether an alien qualifies as a "brother" or "sister" within the meaning of section 203(a)(5). We have employed such definitions in similar instances. See, e.g., *Matter of Coker*, 14 I. & N. Dec. 521 (BIA 1974), where we held that in order to qualify as a "daughter" for preference purposes, a beneficiary must once have qualified as a "child" of the petitioner under section 101(b)(1), and *Matter of Kim*, 14 I. & N. Dec. 561 (BIA 1974), where we held that a beneficiary who fails to qualify as a legitimated child under section 101(b)(1) is ineligible for preference status under section 203(a)(5) as the "brother" of the petitioner through the paternal relationship. In support of a claimed brother or sister relationship, a petitioner has to establish that he and the beneficiary are or once were "children" of a common "parent" within the meaning of section 101(b)(1) and (2) of the Act.

In this case, the petitioner's mother, Helen Cheung Heung, married Joseph Wing Kau Wong in 1949. The petitioner was born of this marriage in 1952. The petitioner's parents were divorced in 1955, and the petitioner's mother married Bernard Kwok Hing Heung in 1974. The latter had also been married previously, and the beneficiary was the legitimate child of that prior marriage, which ended in divorce in 1971.

By virtue of the 1974 marriage, the beneficiary became the stepchild of Helen Cheung Heung, through operation of section 101(b)(1)(B) of the Act. Conversely, Helen Cheung Heung became the parent of the beneficiary within the meaning of section 101(b)(2). Helen Cheung Heung, of course, already qualifies under the Act as the parent of her son, Alan Shui Lun Wong, the petitioner herein. Thus within the context of the Immigration and Nationality Act, the petitioner and the beneficiary have a common "parent", namely Helen Cheung Heung.

Since the petitioner and the beneficiary are "children" of a common "parent" within the meaning of section 101(b)(1) and (2) of the Act, they may be regarded as "brother" and "sister" for purposes of section 203(a)(5). Accordingly, we affirm the decision of the district director.

**ORDER:** The decision of the district director is affirmed.