MATTER OF REHMAN

In Visa Petition Proceedings

A-20636112

*Decided by Board November 19, 1975*

Since the validity of adoption in the Province of Punjab, Pakistan, is governed by Muslim personal law, and under Muslim personal law in Punjab no legal system of adoption is recognized, the claimed adoption of beneficiary by petitioner's parents in Punjab according to Punjab customary law is not valid for immigration purposes. Accordingly, beneficiary is ineligible for preference classification under section 203(a)(5) of the Immigration and Nationality Act, as amended, as the adopted brother of the U. S. citizen petitioner.

ON BEHALF OF PETITIONER: Pro se

The United States citizen petitioner sought preference classification for the beneficiary as his adopted brother under section 203(a)(5) of the Immigration and Nationality Act. In a decision dated April 24, 1975, the District Director denied the petition. The petitioner has appealed from that decision. The appeal will be dismissed.

In order to support a claimed "brother" or "sister" relationship under section 203(a)(5) of the Act, the petitioner has to establish that both he and the beneficiary once qualified as "children" of a common "parent" within the meaning of section 101(b)(1) and (2) of the Act. *Matter of Garner*, 15 I. & N. Dec. 215 (BIA 1975); *Matter of Heung*, 15 I. & N. Dec. 145 (BIA 1974). The term "child" as defined in section 101(b) of the Act includes an adopted child, within certain limitations. See section 101(b)(1)(E) of the Immigration and Nationality Act.

The petitioner claims that the beneficiary was adopted by his parents in the Province of Punjab in Pakistan in 1952 according to the Punjab customary law. He has presented affidavits from his mother, brother and the beneficiary's natural parents in support of this petition. Nevertheless, the district director denied the petition on the ground that the petitioner had failed to establish that the beneficiary was legally adopted by the petitioner's parents. In so holding, he relied on a report from the Library of Congress, dated March 1975, which addresses the issue of adoption in Pakistan.

The validity of an adoption for immigration purposes is governed by

the law of the place where the adoption occurred. *Matter of Kwok*, 14 I. & N. Dec. 127 (BIA 1972). The Library of Congress report states that, in 1951, the Punjab Muslim Personal Law (Shariat) Application (Amendment) Act, No. 11, abolished custom as the rule of decision for the Punjab Muslims and provided that Muslim personal law be applied to all matters, including adoption. [1] That report goes on to state that the legal institution of adoption does not exist under the Muslim personal law.

Although the petitioner on appeal contends that the beneficiary was legally adopted according to Punjab customary law, he has failed to present evidence to rebut the information on Punjab law supplied by the Library of Congress. Consequently, we find that the validity of the adoption is governed by Muslim personal law, and that under Muslim personal law in Punjab no legal system of adoption is recognized.

The decision of the district director is correct. The appeal will be dismissed.

ORDER: The appeal is dismissed.

---

[1] III All Pak. Leg. Dec., Punjab Acts 76 (1951).