MATTER OF FERREIRA

In Visa Petition Proceedings

A-20833647

*Decided by Board April 19, 1978*

(1) In order to support the claimed "sister" relationship under section 203(a)(5) of the Immigration and Nationality Act, the petitioner must establish that she and the beneficiary once qualified as the "children" of a common "parent" as those terms are defined by section 101(b)(1) and (2) of the Act.

(2) The petitioner, the legitimate offspring of her father, qualifies as his "child" within the meaning of section 101(b)(1)(A) of the Act; however, since the beneficiary was born out of wedlock and was neither adopted in accordance with section 101(b)(1)(E) of the Act by her putative natural father, the petitioner's father, nor legitimated in accordance with section 101(b)(1)(C) of the Act by the marriage of her mother and her putative natural father when she was over 18 years of age, the beneficiary does not qualify as his "child" within the meaning of section 101(b)(1) of the Act and a visa petition predicated upon the relationship of the petitioner and the beneficiary to a common father must be denied as a matter of law.

(3) The petitioner became the stepchild of the beneficiary's mother pursuant to section 101(b)(1)(B) of the Act upon the marriage of the petitioner's father to the beneficiary's mother when the petitioner was under 18 years of age and the beneficiary qualifies as the "child" of her mother by reason of section 101(b)(1)(D) of the Act; hence, the petitioner and the beneficiary are "children" of a common "parent" within the meaning of section 101(b)(1) and (2) of the Act and may be regarded as "sisters" for purposes of section 203(a)(5) of the Act.

ON BEHALF OF PETITIONER: Joseph Taboada, Jr., Esquire
11 Hill Street
Newark, New Jersey 07102

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This case is before us on appeal from a decision of the District Director dated June 1, 1977, denying the visa petition filed by the United States citizen petitioner to accord the beneficiary preference status as her sister pursuant to section 203(a)(5) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(5). The appeal will be sustained.

The petitioner was born in 1953, a legitimate child of her parents, Antonio Vilaverde and the former Maria Alves, who were married in 1949. It appears from the record that the beneficiary, a native and citizen of Portugal, was born out of wedlock in 1944 to the petitioner's

father, Antonio Vilaverde, and a different mother, Rosa Alves. The petitioner maintains that the beneficiary had been legitimated by their father's marriage in 1969 to Rosa Alves, the beneficiary's natural mother, and that the beneficiary is accordingly entitled to preference status as her half sister. The petitioner's mother, Maria Alves, died in 1963.

In order to support a claimed "sister" relationship under section 203(a)(5) of the Act, the petitioner must establish that she and the beneficiary once qualified as the "children" of a common "parent" as those terms are defined by section 101(b)(1) and (2) of the Act, 8 U.S.C. 1101(b)(1) and (2). See *Matter of Bourne*, Interim Decision 2618 (BIA 1977); *Matter of Gur*, Interim Decision 2560 (BIA 1977); *Matter of Garner*, Interim Decision 2357 (BIA 1975); *Matter of Hueng*, Interim Decision 2334 (BIA 1974). The cases relied on by the petitioner, *Matter of D—M—*, 7 I. & N. Dec. 441 (BIA 1957); *Matter of C—*, 6 I. & N. Dec. 617 (BIA 1955), were expressly overruled by the Board insofar as they hold that the requirements set forth in section 101(b)(1) are not applicable in determining whether a "brother" or "sister" relationship exists under section 203(a)(5). See *Matter of Garner, supra.*

In the instant case, the petitioner claims preference status for the beneficiary by virtue of their relationship to a common natural father, Antonio Vilaverde. Under section 101(b)(1)(A), 8 U.S.C. 1101(b)(1)(A), the petitioner, as the legitimate offspring of Antonio Vilaverde, clearly qualifies as his child within the meaning of the Act. However, since the beneficiary was born out of wedlock, the petitioner must establish that the beneficiary falls within one of the other definitions of the term "child" enumerated in section 101(b)(1). There has been no allegation that the beneficiary has been adopted by Antonio Vilaverde pursuant to section 101(b)(1)(E), 8 U.S.C. 1101(b)(1)(E); therefore, if she is to qualify as his child for the purpose of obtaining immigration benefits, it must be shown that she has been legitimated by him in accordance with the provisions of section 101(b)(1)(C), 8 U.S.C. 1101(b)(1)(C).

Section 101(b)(C) defines the term "child" to include "a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, *if such legitimation takes place before the child reaches the age of eighteen years* and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation." (Emphasis supplied.) Inasmuch as the marriage of the beneficiary's natural parents took place when the beneficiary was 24 years of age and there is no evidence in the record suggesting that legitimation had been accomplished by any other means prior to the beneficiary's reaching the age of 18 years, compliance with the requirements of section 101(b)(1)(C) has not been established. Accordingly, the District Direc-

tor correctly found that a visa petition predicated upon the relationship of the petitioner and the beneficiary to a common natural father must be denied as a matter of law.

We nevertheless conclude that the beneficiary qualifies as the sister of the petitioner through the operation of section 101(b)(1)(B) and (D) of the Act, 8 U.S.C. 1101(b)(1)(B) and (D), which includes in the definition of the term "child":

> (B) a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred; or
>
> . . .
>
> (D) an illegitimate child, by, through whom, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother. . . .

The petitioner, the legitimate child of Antonio Vilaverde, was under the age of 18 years at the time of her father's marriage in 1969 to Rosa Alves and thus became the stepchild of Rosa Alves within the meaning of section 101(b)(1)(B) by virtue of that marriage. See *Matter of Hueng, supra*. The beneficiary, illegitimate at birth, qualifies as the child of Rosa Alves by reason of section 101(b)(1)(D). Therefore, the petitioner and the beneficiary have a common parent within the context of the Immigration and Nationality Act, namely, Rosa Alves, the petitioner's stepmother and the beneficiary's natural mother.

Since the petitioner and the beneficiary are "children" of a common "parent" within the meaning of section 101(b)(1) and (2) of the Act, they may be considered as "sisters" under section 203(a)(5). We shall accordingly sustain the appeal.

**ORDER:** The appeal is sustained and the visa petition is approved.