MATTER OF GREENWOOD

In Visa Petition Proceedings

A-23447250

*Decided by Board July 19, 1983*

(1) Where an alien minor is admitted to the United States classified as an "eligible orphan" pursuant to section 101(b)(1)(F) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(F)—even absent a subsequent formal adoption—the *further proviso* therein operates to forever bar the eligible orphan from conferring immigration benefits upon his natural parents (or prior adoptive parents).

(2) Naturalized United States citizen petitioner who once was admitted to the United States classified as an "eligible orphan" but whose intended adoption in the United States was never legally perfected is precluded from according the beneficiary, her natural mother, "immediate relative" status under the Act.

ON BEHALF OF PETITIONER:
Pro se

ON BEHALF OF SERVICE:
Joanna London
Acting Appellate
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

This matter is before the Board on appeal from the District Director's decision of February 17, 1982, denying the petition to classify the beneficiary as the mother of a United States citizen under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). The appeal will be dismissed.

The petitioner is a 23-year-old native of Jamaica and naturalized citizen of the United States. The beneficiary is a 41-year-old native and citizen of Jamaica. The unauthenticated, uncertified copy of the petitioner's purported "Birth Registration Form" contained in the record reflects that she was born, apparently out of wedlock, to a woman named Hyacinth Robinson, said to be the instant beneficiary. For purposes of this appeal, we will assume that the beneficiary is the petitioner's natural mother. We also note that the petitioner's alleged birth document does not identify her natural father, and there is no evidence that she has ever legitimated or otherwise acknowledged the petitioner.

The record reflects that the petitioner immigrated to the United States classified as an "eligible orphan," to be adopted by a United States

citizen sometime after entry, pursuant to the provisions of section 101(b)(1)(F) of the Act, 8 U.S.C. 1101 (b)(1)(F). Although the petitioner's adoption was never legally perfected, she subsequently did become a naturalized United States citizen based upon her admission into the United States for permanent residence as an eligible orphan.

In order for the beneficiary to be eligible for classification as the petitioner's mother, the petitioner must once have qualified as the beneficiary's "child" under section 101(b)(1) of the Act. *See* section 101(b)(2); *Matter of Hassan*, 16 I&N Dec. 16 (BIA 1976); *Matter of Citino*, 12 I&N Dec. 427 (BIA 1967). The applicable provisions of section 101(b)(1) define the term "child" as an unmarried person under twenty-one years of age who is—

(D) An illegitimate child, by, through whom, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother; [or]

\* \* \*

(F) A child, under the age of sixteen [1] at the time a petition is filed in his behalf to accord a classification as an immediate relative under section 201(b), who is an orphan because of the death or disappearance of, abandonment or desertion by, or separation or loss from, both parents, or for whom the sole or surviving parent is incapable of providing the proper care and has in writing irrevocably released the child for emigration and adoption; who has been adopted abroad by a United States citizen and spouse jointly, or by an unmarried United States citizen at least twenty-five years of age, who personally saw and observed the child prior to or during the adoption proceedings; or who is coming to the United States for adoption by a United States citizen and spouse jointly, or by an unmarried United States citizen at least twenty-five years of age, who have or has complied with the preadoption requirements, if any, of the child's proposed residence: *Provided*, That the Attorney General is satisfied that proper care will be furnished the child if admitted to the United States: *Provided further, That no natural parent* or prior adoptive parent *of any such child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act.* (Emphasis after "Provided further" added.)

Under the facts assumed here, it is clear that the petitioner once qualified as the beneficiary's "child" under section 101(b)(1)(D). The only remaining issue is whether the *further proviso* of section 101(b)(1)(F) bars the petitioner from conferring immigration benefits upon the beneficiary.

The petitioner argues that the *further proviso* should not preclude her from conferring immigration benefits upon her natural mother because she (the petitioner) was never legally adopted in the United States. The Service asserts that the statute does not require an adoption, but only an entry as an eligible orphan. We agree with the position advanced by

---

[1] Prior to its amendment by section 2(b) of the Immigration and Nationality Act Amendments of 1981, Pub. L. 97-116, 95 Stat. 1611 (Dec. 29, 1981), this section applied to children under the age of *14*.

the Service because it is both supported by the apparent purpose and rationale of the provision and, more importantly, is clearly mandated by the plain meaning of the words of the *further proviso.*

Who is intended to benefit by the provisions of section 101 (b)(1)(F)? It is apparent that these provisions have a humanitarian purpose, being designed to facilitate the entry of alien minors whose parents are dead, whose parents have abandoned them, or whose parents cannot properly care for them and have chosen to release them for emigration and adoption. It should be noted that an absolute prerequisite to qualification as an eligible orphan is that the alien minor's previous parental relationships be permanently severed—whether by death, abandonment, or *irrevocable* release. This fact spawned inclusion of the *further proviso* of section 101(b)(1)(F), with its specific articulation of the attendant immigration consequences: a parent so permanently severed from his child will thereafter be unable to secure immigration benefits through such a child. In addition to this explicit acknowledgment of the practical effect of such a permanent termination of the parental relationship, the *further proviso* also serves to prevent the possible manipulation— whether innocent or contrived—of the eligible orphan provision whereby, *e.g.,* an alien parent may be motivated to release his child for immigration to the United States in the hope that he might further his own prospects of obtaining entry into the United States at a future time. A parent who abandons his child or irrevocably releases a child for adoption by another in the United States can have no legitimate expectation of preserving a legal bond by which to lay claim to subsequent immigration benefits himself. The *further proviso* merely recognizes this situation by incorporating an explicit legal bar to that effect.

Wholly apart from this sensible and practical rationale of the *further proviso's* terms, as a matter of pure statutory construction we are convinced that the plain meaning of section 101 (b)(1)(F) renders the mere entry of an alien minor as an "eligible orphan" sufficient to invoke application of the *further proviso,* even absent a subsequent legal adoption. The *further proviso* stipulates, in pertinent part, "That no natural parent . . . of any *such child* shall thereafter, by virtue of such parentage, be accorded any . . . status under this Act." (Emphasis supplied.) This "such child" language refers to the immediately preceding definition of "child" in the main provision of section 101 (b)(1)(F), to wit, "a child . . . who is an orphan" and who either (1) "has been adopted abroad" or (2) "is coming to the United States for adoption." In this latter case, the statute requires only that the orphan child be *coming* to the United States for adoption; the words nowhere require that the intended adoption for which the orphan child is coming be legally perfected. Classification as an "eligible orphan" does not mandate the subsequent completion of the intended United States adoption, but only that at the time of

entry the child was in fact coming to be adopted. A change of intent *after* the child has already entered and "come" does not contravene any specific provision of section 101 (b)(1)(F). Thus, by virtue of the statute's plain meaning, the mere "coming" of an alien minor to the United States under that provision is sufficient to invoke application of the *further proviso*.

In view of the foregoing, we hold that where an alien minor is admitted to the United States classified as an "eligible orphan" pursuant to section 101(b)(1)(F) of the Act—even absent a subsequent formal adoption—the *further proviso* therein operates to forever bar the eligible orphan from conferring immigration benefits upon his natural parents (or prior adoptive parents).

In this case, the petitioner entered the United States classified as an "eligible orphan." Therefore, the *further proviso* of section 101(b)(1)(F) of the Act bars her from conferring immigrant status upon the beneficiary as her immediate relative mother under section 201(b) of the Act. Under the natural reading of the statute, the fact that the petitioner's adoption in the United States was never legally perfected is of no moment. Accordingly, the beneficiary is ineligible for classification as the petitioner's immediate relative, and the District Director properly denied the petition.

**ORDER:** The appeal is dismissed.