# MATTER OF LI

## In Visa Petition Revocation Proceedings

## A-71867441

### Decided by Board September 29, 1993

(1) An adopted child, as defined by section 101(b)(1)(E) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(E) (1988), may not confer immigration benefits upon a natural parent without regard to whether the adopted child has been accorded or could be accorded immigration benefits by virtue of his or her adoptive status. *Matter of Valsamakis*, 12 I&N Dec. 421 (BIA 1967); and *Matter of Lum*, 11 I&N Dec. 55 (BIA 1964), overruled. *Matter of Kirby*, 13 I&N Dec. 173 (BIA 1969), modified.

(2) The petitioner, who was an adopted child under the immigration laws, may not confer immigration benefits upon the beneficiary, his natural sibling, because their common natural parent no longer has the status of parent of the adopted child for immigration purposes.

ON BEHALF OF PETITIONER:
Stephen P. Gleit, Esquire
Gleit & Fair
401 Broadway, Suite 601
New York, New York 10013

ON BEHALF OF SERVICE:
Thomas K. Ware
Service Center
Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The petitioner applied for preference classification for the beneficiary as his sibling pursuant to section 203(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(5) (1988).[1] The petition was approved on May 26, 1990. In a decision dated August 3, 1991, the district director revoked approval of the petition. The petitioner has appealed. The appeal will be dismissed. The request for oral argument is denied. *See* 8 C.F.R. § 3.1(e) (1993).

---

[1] At the time the petitioner filed his application for preference classification, it was made pursuant to section 203(a)(5) of the Act. However, section 203(a) was amended in its entirety by section 112 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 4986 (effective Oct. 1, 1991), and the provisions for preference classification of siblings of United States citizens now appear in section 203(a)(4) of the Act, 8 U.S.C. § 1153(a)(4) (Supp. IV 1992). As it relates to this case, there is no substantive difference in the section as amended.

Under section 205 of the Act, 8 U.S.C. § 1155 (1988), the Attorney General may revoke the approval of any visa petition approved by her for what she deems to be "good and sufficient cause." A notice of intention to revoke a visa petition is properly issued for "good and sufficient cause" when the evidence of record at the time of issuance, if unexplained and unrebutted, would warrant a denial of the visa petition based upon the petitioner's failure to meet the requisite burden of proof. *Matter of Arias*, 19 I&N Dec. 568 (BIA 1988); *Matter of Estime*, 19 I&N Dec. 450 (BIA 1987). The basis for issuance of the notice of intention to revoke in these proceedings was the Immigration and Naturalization Service's position that, as a matter of law, the beneficiary was ineligible for classification as the sibling of the petitioner. For the reasons we discuss below, we find the notice of intention to revoke to have been properly issued for good and sufficient cause.

The petitioner, a naturalized citizen of the United States, was adopted as a child. He did not gain an immigration benefit by virtue of his adoption. However, after gaining lawful status in the United States, he filed a petition to have immediate relative status conferred upon his adoptive mother. That petition was granted upon the petitioner establishing that his adoption satisfied the requirements of section 101(b)(1)(E) of the Act, 8 U.S.C. § 1101(b)(1)(E) (1988). He then sought to have a petition for preference classification approved on behalf of his natural sibling. That petition was approved, but the approval was subsequently revoked by the Service.

The question before us is whether a petitioner, who qualifies as an adopted child within the provisions of section 101(b)(1)(E) of the Act, can successfully petition for a natural sibling on the basis of their relationship to a common natural parent? Does the natural sibling relationship survive for immigration purposes when a child has been adopted and that adoption satisfies the requirements of section 101(b)(1)(E)?

The petitioner finds support for his position that his natural sibling is eligible for immigration benefits by virtue of their relationship to a common natural parent in *Matter of Fujii*, 12 I&N Dec. 495 (D.D. 1967).[2] In that case, a district director held that the relationship of brother and sister created by the legitimate birth of siblings to the same parents is not destroyed by the subsequent adoption of a sibling, and, therefore, the natural siblings of the adopted child are entitled to any immigration benefit generally available to siblings.

---

[2] We note that *Matter of Fujii, supra*, was a decision of a district director and does not constitute a precedent for this Board. *See* 8 C.F.R. §§ 3.1(g), 103.3(c) (1993); *Matter of Bennett*, 19 I&N Dec. 21, 23 n.2 (BIA 1984).

On the other hand, the Service submits that a parent/child relationship ceased to exist between the petitioner and his natural parents subsequent to his adoption and that thereafter his natural parents' other children, including the beneficiary, could no longer qualify as his siblings within the scope of the Act. The Service cites *Matter of Kong*, 17 I&N Dec. 151 (BIA 1979), in support for this position.

As a starting point, we note that the Act does not define "brother" or "sister," but does define the terms "child," "parent," "father," and "mother." The relevant portions of section 101(b)(1) provide:

The term "child" means an unmarried person under twenty-one years of age who is—

    (A) a legitimate child;

    ....

    (E) a child adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years: *Provided*, That no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act. . . . [3]

Section 101(b)(2) of the Act provides that the term "parent," "father," or "mother" means a parent, father, or mother only where the relationship "exists" by reason of any of the circumstances set forth in section 101(b)(1).

The Board has long held that in order to qualify as siblings under section 203(a)(5) of the Act, a petitioner must establish that he and the beneficiary once qualified as children of a common parent within the meaning of sections 101(b)(1) and (2) of the Act. *See Matter of Mourillon*, 18 I&N Dec. 122 (BIA 1981); *Matter of Kong, supra*; *Matter of Ferreira*, 16 I&N Dec. 494 (BIA 1978); *Matter of Clahar*, 16 I&N Dec. 484 (BIA 1978); *Matter of Bourne*, 16 I&N Dec. 367 (BIA 1977); *Matter of Gur*, 16 I&N Dec. 123 (BIA 1977); *Matter of Rehman*, 15 I&N Dec. 512 (BIA 1975); *Matter of Garner*, 15 I&N Dec. 215, 216 n.2 (BIA 1975), and cases cited therein; *Matter of Heung*, 15 I&N Dec. 145 (BIA 1974).

This "once qualified" rule has been applied to "give effect to the time limitations set out in the Act's definition of 'child', while recognizing that the circumstances creating the relationship are unaffected by the passage of time, marriage of the child, or even death." *Matter of Kong, supra*, at 153. As we explained in *Kong*,

---

[3] That the adoptive relationship could be used as a means to circumvent the immigration laws has been a concern of long standing. *See Matter of Fakalata*, 18 I&N Dec. 213, 218 n.2 (BIA 1982); *Matter of B-*, 9 I&N Dec. 46 (BIA 1960); Act of Sept. 11, 1957, Pub. L. No. 85-316, § 2, 71 Stat. 639.

however, this language was not intended to suggest that the status of "parent," once established, could not be terminated. In *Kong*, we clarified that to qualify as siblings under section 203(a)(5) of the Act, a petitioner must establish *both* that he and the beneficiary once qualified as children of a common parent *and* that the parental relationship has not been severed. In that case, we found that a sibling relationship created by an adoption did not survive for immigration purposes the termination of the adoption. Although the petitioner and beneficiary "once qualified" as sister and brother, they no longer qualified as siblings under the Act because they no longer had a common parent. The petitioner's adoptive parents were not her "parents" at the time the visa petition was filed because the relationship between them and her had been severed.

Does the parent/child relationship between natural parents and child survive for immigration purposes when a child has been adopted? Section 101(b)(1)(E) of the Act defines the adoptive child relationships that will be recognized under the Act. Under that section, there must be a legal adoption while the child is under 16 years of age and the child must have been in the legal custody of, and have resided with, the adopting parent or parents for at least 2 years. If "such" an adoption occurs, the child is recognized as the child of the adoptive parent or parents, and no natural parent can thereafter by virtue of such parentage be accorded any "right, privilege, or status" under the Act. *See* section 101(b)(1)(E) of the Act; *Matter of S-*, 9 I&N Dec. 567 (BIA 1962); *Matter of K-*, 9 I&N Dec. 116 (BIA 1960). If an adoption occurs, but it does not satisfy the requirements of section 101(b)(1)(E), the relationship between the natural parent and the child continues to be recognized under the Act. *See Matter of B-*, *supra*. Thus, for purposes of any "right, privilege, or status" under the Act, a child may be recognized as the child of his or her natural parents or of his or her adoptive parent or parents, but not of both. The determinative test is whether an adoption occurred that satisfied the requirements of section 101(b)(1)(E). If "such" an adoption has occurred, any right, privilege, or status of the natural parents under the Act is thereafter terminated. Thus, natural parents no longer have the "status" of parents under the Act once "such" an adoption has occurred. Accordingly, where there is "such" an adoption, a sibling relationship will not be recognized for immigration purposes based simply on the fact that the petitioner and beneficiary "once qualified" as children of a common natural parent because it can no longer be shown that the natural parent has the "status" under the Act of "parent" of the adopted child.

We note that in *Matter of Lum*, 11 I&N Dec. 55 (BIA 1964), we added a gloss to the language of section 101(b)(1)(E) of the Act that we

now find cannot be supported by the words of the statute. In *Matter of Lum*, we held that the term "such adopted child" contained in the proviso to section 101(b)(1)(E)—that no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act—"obviously means an adopted child who under the terms of the section is eligible for—or has obtained—an immigration benefit." *Id.* at 56.[4] As such, we considered the proviso barring a natural parent from receiving an immigration benefit to be inapplicable where an adopted child had received no immigration benefit from his or her adoptive status and as a matter of either law or fact was in no position to claim such benefit. Consequently, in the factual context of *Lum*, where an adopted child had not received an immigration benefit by virtue of her adoption and where her adoptive parents were dead or presumed dead, we held that the fact of her adoption was immaterial to the eligibility of her natural mother for immediate relative status based upon their natural relationship.

However, contrary to our holding in *Matter of Lum*, we do not find it "obvious" from a plain reading of section 101(b)(1)(E) of the Act that the proscription on its application was only intended to be applicable where an adopted child had received, or could receive or confer, an immigration benefit by virtue of his or her adoption. There is no support for this finding in the language of section 101(b)(1)(E), and simply terming it "obviously" correct does not make it so. That section, by its express terms, makes no distinction between adopted children on the basis of whether they have received or conferred, or whether they remain eligible to receive or confer, an immigration benefit by virtue of their adoptive status. Congress could have written the proviso in the manner enunciated in *Lum*, but it did not do so. Rather, the restrictive language of that section, defining an adopted child by virtue of the child's having met age, custody, and residence requirements, proscribes, without qualification, any right, privilege, or status to the natural parent of "any such child." Where an adoption has occurred which meets the definitional requirements of section 101(b)(1)(E) of the Act, there simply is no statutory basis by which the phrase "any such child" can be qualified to allow "any right, privilege, or status" thereafter to be accorded to a natural parent of an adopted

---

[4] Compare *Matter of Greenwood*, 18 I&N Dec. 417 (BIA 1983), where we held that a similar proviso in section 101(b)(1)(F) of the Act operates to forever bar an eligible orphan from conferring immigration benefits upon his or her natural parents. The proviso relating to the natural parents of orphans in section 101(b)(1)(F) is identical to the proviso in section 101(b)(1)(E), except for the fact that it also addresses any prior adoptive parent that the orphan may have had.

child simply because no immigration benefit had been or could be accorded by virtue of the adoption.

Where statutory language is clear and unambiguous it must ordinarily be regarded as conclusive since there is a strong presumption that Congress expresses its intent through the language it chooses. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 n.12 (1987); *North Dakota v. United States*, 460 U.S. 300, 312 (1983). Words are to be interpreted as taking their ordinary, contemporary, common meaning. *See Perrin v. United States*, 444 U.S. 37, 42 (1979). We look to the legislative history to determine only whether there is "'clearly expressed legislative intention'" contrary to statutory language, which would require us to question the strong presumption that Congress expresses its intent through the language it chooses. *United States v. James*, 478 U.S. 597, 606 (1986) (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980)). In this case, there is no legislative history for section 101(b)(1)(E) of the Act which indicates a congressional intent contrary to our interpretation of the plain meaning of the statutory language. *See* H.R. Rep. No. 1199, 85th Cong., 1st Sess. (1957), *reprinted in* 1957 U.S.C.C.A.N. 2016.

In accordance with the plain meaning of section 101(b)(1)(E) of the Act, we hold that an adoption that meets the requirements of that section in all instances, whether or not an immigration benefit has been or could be obtained by virtue thereof, precludes a natural parent of any such adopted child from being thereafter accorded any right, privilege, or status under the Act. In so holding, we overrule *Matter of Lum, supra,* and its progeny, *Matter of Valsamakis*, 12 I&N Dec. 421 (BIA 1967), to the extent the holdings in those cases are inconsistent with our holding today. We also withdraw from the language in *Matter of Kirby*, 13 I&N Dec. 173 (BIA 1969), which references *Matter of Lum.*

We finally note that we are not persuaded by the district director's analysis in *Matter of Fujii, supra,* that a sibling relationship created by the legitimate birth of a petitioner and beneficiary to the same parent is not terminated by the subsequent adoption of the petitioner in compliance with the requirements of section 101(b)(1)(E). The district director found the following determinative:

> Section 101(b)(1)(E) ... contains the proscription that no natural parent of an adopted child described in that section "shall thereafter, by virtue of such parentage be accorded any right, privilege, or status under this Act." However, neither that section nor any other provision of the immigration laws, contains a similar proscription with regard to brothers, sisters or other natural relatives of the adopted child.

*Id.* at 497. However, the familial definitions in section 101(b) of the Act exclusively relate to parent/child relationships and only those

relationships are defined. All other familial relationships are dependent on these definitions. That is, to determine whether a sibling relationship will be recognized, one must look to the parent/child definitions as a starting point. It would neither be expected that there would be a reference to siblings or other relatives in the section 101(b)(1)(E) proviso nor necessary that there should be. A sibling relationship can only be recognized through the fact of having a common parent within the definition of the Act. If a natural parent loses his or her "status" as a "parent" under the Act as a result of the proviso to section 101(b)(1)(E), then no sibling relationships can be recognized through that parent as there is no longer a parental relationship that is recognized under the Act.

We note that if one were to accept the analysis of the district director in *Matter of Fujii, supra,* the restrictive proviso of section 101(b)(1)(E) could be rendered meaningless over time. For example, under the district director's interpretation of the law, a child adopted in accordance with the terms of section 101(b)(1)(E) of the Act could, subsequent to his or her naturalization, petition for immigrant benefits on behalf of a natural sibling, who could then, in turn, petition for the natural parent that he or she shares with the adopted child. Over time, this would allow for the use of adoption as a means for an adopted child's natural parents to immigrate as a direct result of the adoption. Accordingly, we disapprove of the reasoning and holding in *Matter of Fujii, supra.*

The basis for revocation of the previously approved visa petition in this case was the Service's determination that, as a matter of law, the beneficiary was ineligible for classification as the sibling of the petitioner. We uphold that determination. Since the petitioner qualified as an adopted child within the definition of section 101(b)(1)(E) of the Act, he is precluded from successfully petitioning for visa preference classification on behalf of his natural sibling. To the extent that a relationship between the petitioner and his natural parents was terminated by virtue of his adoption, he cannot now establish that he and the beneficiary are children of a common parent as is required by the Act for the purpose of establishing a sibling relationship. Section 203(a)(5) of the Act. Accordingly, the petitioner's appeal of the revocation of the previously approved visa petition will be dismissed.

**ORDER:**   The appeal is dismissed.