MATTER OF FUJII

In Visa Petition Proceedings

A-14628516

*Decided by District Director May 16, 1967*

Notwithstanding beneficiary's adoption when two years of age, since he and the United States citizen petitioner are legitimate children of the same parents, he is classifiable as the brother of the petitioner and, therefore, is eligible for preference classification under section 203(a)(5) of the Immigration and Nationality Act, as amended.

IN BEHALF OF PETITIONER: Louis Sampson, Esquire
448 South Hill Street, Suite 518
Los Angeles, California 90013

The petitioner is a 32 year old married female, native and citizen of the United States.

The beneficiary is a 25 year old single male, native and citizen of Japan.

The petitioner and beneficiary are the legitimate issue of the same parents, natives and citizens of Japan.

The beneficiary was legally adopted according to Japanese law (Articles 846 and 849, Civil Code of Japan) on December 8, 1944 by the widowed sister-in-law of the father of the present petitioner and beneficiary, the natural parents having agreed to the adoption in his behalf (Article 843, Civil Code of Japan).

The petitioner, beneficiary and their natural mother have all testified that the beneficiary never resided in the house of the beneficiary's adoptive mother who is now deceased, but he has since his birth remained in the home of his natural parents.

On the termination of the adoption agreement between the beneficiary, made in his behalf by his natural parents, and his adoptive mother a notice of restoration of his name to the family register of the beneficiary's natural father was filed on July 22, 1966 and "accepted and officially so recorded on the same day" (Articles 862 and 865—dissolution of adoption—Japanese Civil Code). Article 875 of the Japanese Civil Code provides as follows: "By dissolution of

adoption the adopted child recovers the status which he or she possessed in his or her original house . . ."

The issue to be resolved is whether there exists between the beneficiary and the petitioner the relationship required for status under section 203(a)(5) of the Immigration and Nationality Act as amended.

The petition was initially denied on the following grounds:

You have failed to establish that the beneficiary is your brother in that the relationship that existed at his birth was terminated for immigration purposes as the result of his adoption by Sugano Fujii on December 8, 1944. The termination of the adoption agreement and restoration of his name on the family register, filed and recorded on July 22, 1966, does not restore the original brother-sister relationship that existed at birth.

The matter is now before the District Director for reconsideration.

Section 203(a) provides for the allocations of visas to "(5). . . . qualified immigrants who are the brothers or sisters of citizens of the United States". The term "brothers or sisters" as used in section 203(a)(5) of the Immigration and Nationality Act is not defined. The normal definition is a person having the same parent or parents as another. Funk and Wagnall's New Standard Dictionary of the English Language (1947 ed.); Bouvier's Law Dictionary (3rd Rev. 1914); Black's Law Dictionary (4th ed., 1951). As previously stated, the petitioner and beneficiary are the legitimate issue of the same parents. Section 101(b)(1)(A) defines "child" as used in section 203 and other provisions of the Act as including "a legitimate child". That definition is applicable to determine status under section 203 and other provisions of Title II of the Act.

The petitioner has established the beneficiary is her "brother", the legitimate child of her parents, and that he has since birth resided with her parents as part of the same household. It is "the well-established policy (determined by Congress) of maintaining the family unit whenever possible" (Matter of K—S—W—, 9 I. & N. Dec. 396, decided by the Attorney General 8-7-61).

To conclude without judicial or precedent administrative determination to the contrary (and we find none) that the relationship of brother and sister created by the legitimate birth of the petitioner and beneficiary to the same parents was destroyed by the subsequent adoption of the latter would be to place upon the statute a harsher construction than that intended by Congress.

Although the fact that the beneficiary had been adopted is immaterial for the reasons indicated below, it is noted that the adoption was legally dissolved under the law of the jurisdiction in which the adoption occurred (Japan) and that, pursuant to such dissolution, the

496

beneficiary recovered "the status which he . . . possessed in his . . . original house . . ."

Section 101(b) (1) (E) of the Immigration and Nationality Act, as amended, contains the proscription that no natural parent of an adopted child described in that section "shall thereafter, by virtue of such parentage be accorded any right, privilege, or status under this Act". However, neither that section nor any other provision of the immigration laws, contains a similar proscription with regard to brothers, sisters or other natural relatives of the adopted child. I find that the petitioner has established that she and the beneficiary are sister and brother, by reason of their being the legitimate children of the same parents. Hence, the beneficiary is eligible for the preference classification sought.

**ORDER:** The petition is approved for the classification of the beneficiary under section 203(a) (5) of the Immigration and Nationality Act, as amended.