MATTER OF BOURNE

In Visa Petition Proceedings

A-22149716

*Decided by Board October 12, 1977*

(1) In order to support the claimed "brother/sister" relationship under section 203(a)(5) of the Immigration and Nationality Act, the petitioner has to establish that both she and the beneficiary once qualified as "children" of a common "parent" within the meaning of sections 101(b)(1) and (2) of the Act.

(2) Under the case law interpretation of section 101(b)(1)(B) of the Act, the legitimation of the beneficiary and petitioner by their natural father is not required in order for the beneficiary to obtain immigration benefits.

(3) Through the operation of section 101(b)(1)(B) of the Act, the beneficiary and the petitioner may qualify as children of a common stepmother within the meaning of sections 101(b)(1) and (2) of the Act, and therefore, they may be regarded as sister and brother for the purposes of section 203(a)(5) of the Act.

(4) The petitioner must meet her burden of proving the claimed stepchild-stepparent relationship within the meaning of section 101(b)(1)(B) of the Act by showing the existence of a close family unit.

ON BEHALF OF PETITIONER: Franklin S. Abrams, Esquire
Abrams and Abrams
One Penn Plaza
New York, New York 10001

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The United States citizen petitioner applied for preference classification for the beneficiary as her brother under section 203(a)(5) of the Immigration and Nationality Act. In a decision dated March 17, 1977, the District Director denied that petition. The petitioner has appealed from that denial. The record will be remanded.

The petitioner is a 44-year-old female who is a native of Barbados and a naturalized citizen of the United States. The beneficiary is a 46-year-old married male alien who is a native and citizen of Barbados.

The District Director predicated his denial of the visa petition upon a finding that the beneficiary and the petitioner were illegitimate at birth and that the record fails to show that they were legitimated by the marriage of their respective natural parents.

On appeal, counsel for the respondent submits that the beneficiary

and the petitioner have a common natural father and a common step-mother; that they have lived as a family unit; and that, therefore, they should be considered as brother and sister.

The facts of this case reveal that the petitioner and the beneficiary were born out of wedlock; that the petitioner and the beneficiary have a common natural father; and that the petitioner and the beneficiary do not have the same natural mother. The record also indicates that the beneficiary and the petitioner were reared by their natural father and his wife; and that their father's wife is not the natural mother of either the beneficiary or the petitioner.

In visa petition cases, the petitioner bears the burden to establish eligibility. *Matter of Brantigan*, 11 I. & N. Dec. 493, 495 (BIA 1966). In order to support the claimed "brother/sister" relationship under section 203(a)(5) of the Immigration and Nationality Act, the petitioner has to establish that both she and the beneficiary once qualified as "children" of a common "parent" within the meaning of sections 101(b)(1) and (2) of the Act. *Matter of Gur*, Interim Decision 2560 (BIA 1977); *Matter of Rehman*, Interim Decision 2450 (BIA 1975); *Matter of Garner*, Interim Decision 2357 (BIA 1975); *Matter of Hueng*, Interim Decision 2334 (BIA 1974).

In this case, the petitioner is not claiming immigration benefits for the beneficiary through a relationship to their natural father. It is clear that the petitioner is seeking to confer preference status on the beneficiary by virtue of their relationship to a common stepmother. Under the case law interpretation of section 101(b)(1)(B) [1] of the Act, the legitimation of the beneficiary and the petitioner by their natural father is not required in order for the beneficiary to obtain immigration benefits. See generally *Matter of Stultz*, Interim Decision 2401 (BIA 1974, 1975; A.G. 1975); *Matter of Harris*, Interim Decision 2308 (BIA 1970); *Matter of Amado and Monteiro*, 13 I. & N. Dec. 179 (BIA 1969).

In *Matter of Hueng, supra*, we held that through the operation of section 101(b)(1)(B) of the Act, the child (beneficiary) of a person who married the petitioner's mother became the stepchild of the petitioner's mother by virtue of that marriage. We further held in that case that the petitioner and the beneficiary were children of a common parent within the meaning of section 101(b)(1) and (2) of the Act, and that, therefore, they may be regarded as brother and sister for purposes of section 203(a)(5). See also *Matter of Gur, supra*.

Upon review of the evidence in support of the visa petition in this case, we find that the petitioner has failed to show the existence of a

---

[1] Under section 101(b)(1)(B) of the Act, the term "child" means an unmarried person under 21 years of age who is a stepchild, whether or not born out of wedlock, provided the child has not reached the age of 18 years at that time the marriage creating the status of stepchild occurred.

close family unit between the petitioner, the petitioner's father, the wife of the petitioner's father, and the beneficiary. *Matter of Stultz, supra; Matter of Harris, supra; Matter of Amado and Monteiro, supra.* Hence, she has not met her burden of proving the claimed stepchild-stepparent relationship within the meaning of section 101(b)(1)(B) of the Act.

In view of the circumstances of this case, we may accept secondary evidence to establish the existence of a close family unit. The petitioner may be able to obtain sworn statements from persons who were close to the petitioner and her family in Barbados and who were in a position to have personal knowledge of the petitioner's family life and her relationship to the beneficiary, her stepmother, and her natural father.

Accordingly, we shall remand the record of these proceedings to the District Director, in order to afford the petitioner an opportunity to submit additional affidavits and documents in support of her visa petition. Before returning the record to the Board, the District Director should enter a new decision, stating his reasons, and make appropriate service on the interested parties in accordance with *Matter of To*, 14 I. & N. Dec. 679 (BIA 1974); *Matter of Li Ganoza*, Interim Decision 2475 (BIA 1976).

ORDER: The record is remanded to the District Director for further action in accordance with the above opinion and for entry of a new decision.