## MATTER OF KONG

### In Visa Petition Proceedings

### A-22165175

*Decided by the Board October 24, 1979*

(1) In order to qualify as brothers or sisters under section 203 (a)(5) of the Act, a petitioner must establish that both he and the beneficiary once qualified as children of a common parent and that parent is still a parent of each of them at the time the visa petition is adjudicated.

(2) The "once qualified" rule has been applied to give effect to the time limitations set out in the Act's definition of "child", while recognizing that the circumstances creating the relationship are unaffected by the passage of time, marriage of the child, or even death.

(3) Adoption in accordance with section 101(b)(1)(E) of the Act creates a parent-child relationship under the Act.

(4) Termination of an adoption accomplished in accordance with section 101(b)(1)(E) of the Act terminates the parent-child relationship which the adoption created.

(5) An adopted child who has gained immigration benefits through a natural parent by virtue of the termination of the adoption cannot confer immigration benefits on or through the adoptive parents.

(6) Child whose adoption was formally terminated when she came to the U.S. upon the petition of her natural mother, no longer had a common parent with the beneficiary, her former adoptive brother, and visa petition in his behalf denied.

ON BEHALF OF PETITIONER: Donald Paragon, Esq.
94 Bayard Street
New York, NY 10013

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members.

The United States citizen petitioner applied for visa preference status for the beneficiary as her brother under section 203(a)(5) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(5). In a decision dated June 30, 1978, the District Director denied the petition. The petitioner has appealed. The appeal will be dismissed.

The petitioner was born on November 2, 1950, in Macao, Portuguese China. When she was approximately nine months old, she was adopted by the beneficiary's mother and father. The beneficiary was born on November 4, 1962, in Macao.

The petitioner's natural mother immigrated to the United States in 1962. The petitioner's adoption was terminated by a STATUTORY DECLARATION dated July 16, 1967, so that her natural mother could petition for her to enter the United States. On July 28, 1967, her natural mother filed the visa petition, which was ultimately approved, and the petitioner arrived in the United States on April 6, 1969.

The petitioner lived with her adoptive parents from the time of her adoption in 1951, and after the adoption was terminated in 1967, until she came to the United States in 1969. Her adoptive father died in 1977 and her adoptive mother resides with her in Philadelphia, Pennsylvania. On May 18, 1977, the petitioner filed the instant petition on behalf of her adoptive brother.

The District Director denied the petition on the ground that the claimed relationship did not then exist as the petitioner's adoption had been terminated.

On appeal, the petitioner contends that the beneficiary is still her brother by virtue of Article 1083 of the Code of the Republic of China which, according to the petitioner,[1] provides:

> From the time of the termination of adoptive relationship, the adoptive child resumes his original surname and his relation to his parents by birth. The existing rights of third parties, however, are not affected thereby.

She argues that the sibling relationship between herself and the beneficiary falls within the "existing rights of third parties" which are protected by the last sentence of Article 1083.

The issue in this case is whether a sibling relationship created by an adoption survives for immigration purposes the termination of that adoption. We hold that it does not, based on our interpretation of the Immigration and Nationality Act and irrespective of the law of the jurisdiction where the adoption was terminated.

The Act does not define "brother" or "sister", but does define the terms "child", "parent", "father", and "mother". The relevant portions of section 101(b)(1)(E) of the Act, 8 U.S.C. 1101(b)(1)(E) provide:

> (1) the term "child" means an unmarried person under twenty-one years of age who is—
>
> (A) a legitimate child; or
>
> . . . .
>
> (E) a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years; *Provided,* That no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act.

---

[1] The record file does not contain a certified translation of Article 1083. Our files do not contain such a translation either.

Section 101(b)(2) provides that the term "parent", "father", or "mother" means a parent, father, or mother only where the relationship exists by reason of any of the circumstances set forth in section 101(b)(1) of the Act.

This Board has held that in order to qualify as brothers or sisters under section 203(a)(5) of the Act, the petitioner must establish that both he and the beneficiary once qualified as children of a common parent. *See Matter of Ferreira*, 16 I&N Dec. 495 (BIA 1978); *Matter of Clahar*, 16 I&N Dec. 484 (BIA 1978); *Matter of Bourne*, 16 I&N Dec. 367 (BIA 1977); *Matter of Gur*, 16 I&N Dec. 123 (BIA 1977); *Matter of Rehman*, 16 I&N Dec. 512 (BIA 1975); *Matter of Garner*, 16 I&N Dec. 215 (BIA 1975) and cases cited in footnote 2 thereof; *Matter of Heung*, 16 I&N Dec. 145 (BIA 1974).

The "once qualified" rule has been applied to give effect to the time limitations set out in the Act's definition of "child", while recognizing that the circumstances creating the relationship are unaffected by the passage of time, marriage of the child, or even death. Thus, in construing the term "parent" we have said: "While for immigration purposes a 'child' ceases to be a child even if it fits into the various categories when it reaches the age of twenty-one or becomes married, the parent, once the required relationship has been established, always remains a parent." *Matter of G—*, 8 I&N Dec. 355 (BIA 1959); *see also Matter of Hassan*, 16 I&N Dec. 16 (BIA 1976). This statement is overly broad in that it suggests that the status of "parent," once established, cannot be terminated.

Neither *Matter of Hassan, Matter of G—*, nor any of the "once qualified" cases, cited above, involved the termination of an adoption or the question of the effect of termination of an adoption on family relationships created by it. Therefore, none of those cases is dispositive of the issue here.

In the instant case, the petitioner once qualified as a child of the beneficiary's natural parents because she was adopted by them in accordance with section 101(b)(1)(E).[2] However, the petitioner's adoption was terminated in 1967 so that she could come to the United States on the petition of her natural mother. Thus, at the present time, her adoptive parents are not her "parents" because the relationship between them and the petitioner has been severed. *Cf. Matter of Simicevic*, 10 I&N Dec. 363 (BIA 1963). As the petitioner and the beneficiary do not now have a common parent, they cannot qualify as brother and sister under the Act.

Further, immigration benefits have been conferred on the basis of

---

[2] Infancy adoptions pursuant to Chinese law and custom are recognized for purposes of United States immigration laws. *Matter of Yue*, 12 I&N Dec. 747 (BIA 1968).

the termination of the petitioner's adoption. From the circumstances of this case, it appears that the petitioner and her family are manipulating their family relationships to gain benefits under the immigration laws. We do not believe that Congress intended to give adopted children greater rights under the Act than natural children. It is clear from the proviso of section 101(b)(1)(E) that Congress did not intend to allow a child adopted in accordance with that section to gain immigration benefits through an adoption and then confer immigration benefits on his natural parents. Similarly, we will not permit an adopted child who has gained immigration benefits through a natural parent by virtue of the termination of the adoption to then confer immigration benefits on or through the adoptive parents.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.