MATTER OF GONZALEZ

In Visa Petition Proceedings

A-12727931

*Decided by Board January 17, 1980*

(1) In order to support a claimed sibling relationship under section 203(a)(5) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(5), the petitioner must establish that she and the beneficiary once qualified as the "children" of a common "parent" as those terms are defined by section 101(b)(1) and (2) of the Act, 8 U.S.C. 1101(b)(1) and (2).

(2) The mere fact of a marriage that technically creates a steprelationship is insufficient to establish the existence of that steprelationship for immigration purposes; however, such relationship may be established upon the additional showing that the stepparent, prior to the stepchild's eighteenth birthday, evinced an active parental interest in the child's support, instruction, and general welfare. *Matter of Moreira,* Interim Decision 2720 (BIA 1979).

(3) In determining whether a stepparent-stepchild relationship exists under section 101(b)(1)(B) of the Act, the fact that the beneficiary is an adulterine child born after the marriage which created the steprelationship, rather than prior to that marriage, is irrelevant. *Matter of Stultz,* 15 I&N Dec. 362 (BIA 1974, 1975; A.G. 1975).

(4) Where evidence establishes that the petitioner's natural mother took the beneficiary, the illegitimate offspring of her husband and another woman, into her home and raised him as her own son, the beneficiary in fact once qualified as her child within the meaning of section 101(b)(1)(B) of the Act, inasmuch as the petitioner qualifies as her child by reason of section 101(b)(1)(A) of the Act, the petitioner and the beneficiary have a common parent and accordingly may be regarded as sister and brother under section 203(a)(5) of the Act.

ON BEHALF OF PETITIONER: Benjamin Globman, Esquire
915 Asylum Avenue
Hartford, Connecticut 06105

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This case is before us on appeal from the decision of the District Director dated January 30, 1979, which denied the visa petition filed by the United States citizen petitioner to accord the beneficiary preference status as her brother pursuant to section 203(a)(5) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(5). The appeal will be sustained and the visa petition will be approved.

The petitioner was born in the Dominican Republic on August 12, 1926, the legitimate daughter of Francisco Ramirez and Rosalinda Soriano. The beneficiary, a native and citizen of the Dominican Republic, was born of a relationship between Francisco Ramirez and Enadina Gonzalez Ruiz on July 1, 1946, while Francisco Ramirez was married to Rosalinda Soriano. In affidavits executed in support of the visa petition, the petitioner and her husband declared that the beneficiary was brought into the home of the petitioner's family and was raised by Rosalinda Soriano as her own son until her death when the beneficiary was 13 years of age. The beneficiary continued living with Francisco Ramirez until his death and thereafter resided with other close relatives of the petitioner.

In order to support a claimed sibling relationship under section 203(a)(5) of the Act, the petitioner must establish that she and the beneficiary once qualified as the "children" of a common "parent" as those terms are defined by section 101(b)(1) and (2) of the Act, 8 U.S.C. 1101(b)(1) and (2). *See Matter of Bourne*, 16 I&N Dec. 367 (BIA 1977); *Matter of Garner*, 16 I&N Dec. 367 (BIA 1975).

The District Director denied the visa petition as a matter of law, concluding that the beneficiary cannot qualify as a "child" of the petitioner's parents within the purview of the definition set forth in section 101(b)(1)(A) through (F) of the Act. The District Director's legal conclusion is erroneous.

Where the claimed common parent is the natural father of the petitioner and the beneficiary, each must establish that he or she was legitimate at birth pursuant to section 101(b)(1)(A), legitimated prior to reaching 18 years of age in accordance with section 101(b)(1)(C), or adopted before his or her fourteenth birthday as provided in section 101(b)(1)(E) of the Act. The petitioner, as the legitimate offspring of Francisco Ramirez, clearly qualifies as his "child" within the meaning of the Act. However, since the beneficiary was born out of wedlock and was never adopted by Francisco Ramirez, it must be shown that the beneficiary was legitimated by him prior to reaching 18 years of age if the beneficiary is to qualify for immigration benefits by virtue of his relationship to his natural father. That showing cannot be made in the instant case since under the law of the Dominican Republic, the applicable law in the case, legitimation can only be accomplished by the acknowledgment of the illegitimate offspring and the subsequent marriage of the child's natural parents. *Matter of Reyes*, 16 I&N Dec. 475 (BIA 1978). It has not been alleged that the beneficiary's natural parents ever married.

We nevertheless conclude that the beneficiary qualifies as the brother of the petitioner through the operation of section 101(b)(1)(B) of the Act, 8 U.S.C. 1101(B)(1)(B), which includes within the definition

of the term "child":

> (B) a stepchild, whether or not born out of wedlock, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred; or...

In a recent precedent decision, *Matter of Moreira*, Interim Decision 2720 (BIA 1979), we construed the foregoing section of the Act and formulated a definition of the term "stepchild" for purposes of the immigration laws. After reviewing the legislative history of the stepchild provision and the case law, both from the Board and the courts, we held that the mere fact of a marriage that technically creates a steprelationship is insufficient to establish the existence of that steprelationship for immigration purposes; however, such relationship may be established upon the additional showing that the stepparent, prior to the stepchild's eighteenth birthday, evinced an active parental interest in the child's support, instruction, and general welfare.

We are satisfied that the petitioner has made the requisite showing that the beneficiary in fact once qualified as the child of Rosalinda Soriano within the meaning of section 101(b)(1)(B) of the Act as construed in *Matter of Moreira, supra.*[1] The petitioner, legitimate at birth, qualifies as the child of Rosalinda Soriano by reason of section 101(b)(1)(A) of the Act. Inasmuch as the petitioner and the beneficiary have a common parent within the context of the Immigration and Nationality Act, namely, Rosalinda Soriano, the petitioner's natural mother and the beneficiary's stepmother, they may be considered as "sister" and "brother" under section 203(a)(5). The appeal will accordingly be sustained.

**ORDER:** The appeal is sustained and the visa petition is approved.

---

[1] The fact that the beneficiary is an adulterine child born after the marriage which created the steprelationship, rather than prior to that marriage, is irrelevant. *Matter of Stultz*, 15 I&N Dec. 362 (BIA 1974, 1975; A.G. 1975).