# In re Kwun Yu MA, Beneficiary of visa petition
## filed by Philip Yuk Yu Ma, Petitioner

### File A72 986 986 - San Francisco

*Decided May 28, 1998*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

In considering the opinion of the United States Court of Appeals for the Ninth Circuit in *Young v. Reno,* 114 F.3d 879 (9th Cir. 1997), the Board of Immigration Appeals reaffirms its holding in *Matter of Li,* 20 I&N Dec. 700 (BIA 1993), that a petitioner who qualifies as an adopted child under section 101(b)(1)(e) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(e) (1994), cannot confer immigration benefits on a natural sibling.

Donald Ungar, Esquire, San Francisco, California, for the beneficiary

Dawn L. Endres, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board Panel: SCHMIDT, Chairman; HURWITZ and ROSENBERG, Board Members.

SCHMIDT, Chairman:

In a decision dated November 3, 1994, a district director revoked the grant of the petitioner's Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa (Form I-130), The petitioner has appealed from that decision. We have jurisdiction over this appeal. The appeal will be dismissed.

## I. BACKGROUND

The petitioner claims that he and the beneficiary are biological brothers, i.e., they were born of the same parents. He states that an aunt and uncle adopted him. It appears that the petitioner immigrated to the United States through a petition by his adopted parents and eventually became a United States citizen. A few months after his naturalization, he filed a petition on behalf of his biological brother. Although the Immigration and

Naturalization Service initially granted the petition, it was subsequently revoked. The petitioner first filed an appeal before the Board of Immigration Appeals. After filing the appeal, but before it was adjudicated, the petitioner appealed to the United States District Court for the Northern District of California.

## II. JURISDICTION

In light of the procedural history here, we address the issue of jurisdiction at the threshold. Upon notification of the petitioner's filing in district court, we held our adjudication of the respondent's appeal to the Board in abeyance.

The district court found, inter alia, that it had jurisdiction over the petitioner's complaint and reached the merits of the case. *Ma v. Reno,* No. C-95-2777-VRW (N.D. Cal. Nov. 3, 1995), *rev'd,* 114 F.3d 128 (9th Cir. 1997). However, the United States Court of Appeals for the Ninth Circuit overturned the district court's jurisdictional finding, concluding that "[t]he agency action from which Ma sought relief in the district court was not final, and the district court was therefore without jurisdiction." *Ma v. Reno,* 114 F.3d 128, 131 (9th Cir. 1997). The district court's decision as to the merits was thereby rendered moot. *Cf. Young v. Reno,* 114 F.3d 879, 881 (9th Cir. 1997) (holding that where a petitioner appealed to the district court instead of to the Board of Immigration Appeals, the district court could properly exercise jurisdiction over the case without imposing exhaustion requirements). In accordance with the jurisdictional holding of the Ninth Circuit in *Ma v. Reno, supra,* we now consider the case before us and adjudicate the visa petition.

## III. ISSUE

The issue in this case is whether the district director properly revoked the grant of a visa petition because the relationship between the petitioner and the beneficiary, who are biological siblings, had been severed for immigration purposes by virtue of the petitioner's adoption while he was a child.

## IV. VISA PETITION GRANT AND REVOCATION

We have held that the "[a]pproval of a visa petition is but a preliminary step in the visa or adjustment of status application process." *Matter of Ho*, 19 I&N Dec. 582, 589 (BIA 1988). It is well established that the Attorney General is vested with the authority to revoke the approval of a visa petition

at any time for what she "deems to be good and sufficient cause." Section 205 of the Immigration and Nationality Act, 8 U.S.C. § 1155 (1994); *see also Matter of Li*, 20 I&N Dec. 700 (BIA 1993); *Matter of Ho, supra.*

Prior to revoking the petition here, the district director issued a Notice of Intent to Revoke. The district director juxtaposed two sections of the Act and Board precedent, recognizing that the Act does not expressly address the issue presented here, i.e., the viability of the biological sibling relationship, for immigration purposes, where one of the siblings has been adopted. *See* sections 101(b)(1)(E), 203(a)(4) of the Act, 8 U.S.C. §§ 1101(b)(1)(E), 1153(a)(4)(1994); *Matter of Li, supra.*

Section 203(a)(4) of the Act states that "[q]ualified immigrants who are the brothers or sisters of citizens of the United States, if such citizens are at least 21 years of age, shall be allocated visas." Thus, United States citizens who have reached majority are entitled to petition for visa classification for their siblings. Section 101(b)(1)(E) of the Act states that "no natural parent of [an] adopted child shall [after the adoption], by virtue of such parentage, be accorded any right, privilege, or status under this Act." Consequently, an adopted child may not confer immigration benefits upon his or her biological parents. In *Matter of Li, supra*, we held that a petitioner who qualifies as an adopted child under section 101(b)(1)(e) of the Act cannot successfully petition for a natural sibling. Reading these two sections of the statute together with Board precedent, the district director concluded that "the petitioner, who meets the definition of adopted child according to immigration laws, cannot confer immigration benefits upon a natural sibling, as their common natural parent no longer has the status of parent of the adopted child for immigration purposes."[1]

The petitioner has relied on *Gee v. INS*, 875 F.Supp. 666 (N.D. Cal. 1994). However, the district court's holding, that "Congress intended to grant a natural sibling of an adopted child a 'brother and sister' immigration preference, regardless of any intervening adoption," was rejected by the Ninth Circuit. *Young v. Reno, supra*, at 885. Instead, the Ninth Circuit, in which this case arises, approved of *Matter of Li, supra*, and, based upon such approval, upheld the Service's revocation of a visa petition where the petitioner was an adopted child and the beneficiary was a natural sibling. *Young v. Reno, supra*.

The petitioner also cited *Matter of Fujii*, 12 I&N Dec. 495 (D.D. 1967), in support of his argument that for immigration purposes, the natural sibling relationship survives an intervening adoption. However, that decision was disapproved by the Board in *Matter of Li, supra*, at 706. In any

---

[1]The district director also cited *Matter of Kong*, 17 I&N Dec. 151 (BIA 1979), in which we held that following termination of a child's adoption, the child could not confer immigration benefits on or through his or her adoptive parents.

case, a district director's decision is not binding on the Board. *Id.* at 701 n.2; *Matter of Bennett*, 19 I&N Dec. 21, 23 n.2 (BIA 1984); 8 C.F.R. §§ 3.1(g), 103.3(c) (1997). Therefore, we will not follow *Matter of Fujii* here, as it contravenes our analysis in the case at bar.

## V. CONCLUSION

We agree with the district director's conclusion that an adopted child cannot confer immigration benefits on a natural sibling, and we reaffirm our decision in *Matter of Li, supra*. Accordingly, we hold that the petitioner has not met his burden of proving that the beneficiary qualifies as his brother under the Act. *Matter of Ho, supra; Matter of Cheung*, 12 I&N Dec. 715 (BIA 1968). We further find that the district director's revocation of the visa petition in this case was based on "good and sufficient cause." Section 205 of the Act. Therefore, we do not find it necessary to reach the other issues raised by the petitioner on appeal.

Inasmuch as we conclude that the decision of the district director revoking the visa petition was correct, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.