**Wan–Swin Susan KOSAK, Plaintiff,**

**v.**

**Robert DEVINE, Acting Deputy Director of U.S. Citizenship and Immigration Services Michael Chertoff, Secretary of the Department of Homeland Security, Condoleeza Rice, Secretary of Stat for the United States, The Board of Immigration Appeals, Executive Office of Immigration Review, U.S. Department of Justice, Defendants.**

**Civil Action No. 05–00045.**

United States District Court,
E.D. Pennsylvania.

July 12, 2006.

James J. Orlow, Philadelphia, PA, for Plaintiff.

Mary Catherine Frye, United States Attorney's Office, Assistant U.S. Attorney Philadelphia, PA, for Defendants.

### MEMORANDUM & ORDER

DuBOIS, District Judge.

## I. INTRODUCTION

Plaintiff Wan–Swin Susan Kosak ("Kosak"), who was born in Taiwan and adopted by U.S. citizens, seeks to confer preferential immigration status on her biological sibling. In a decision dated December 23, 2005, the Board of Immigration Appeals (BIA)—relying on *Matter of Li*, 20 I & N Dec. 700 (BIA 1993), and sections 203(a)(4) and 101(b)(1)(E) of the Immigration and Nationality Act ("INA")—held that Kosak could not do so because her adoption severed her legal relationship with her biological sibling.

The instant suit was filed by Kosak on January 6, 2005. The question presented for review is whether the BIA abused its discretion in its decision dated December 23, 2005. The Court examines the BIA's decision in light of *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), and concludes (1) that Congress did not expressly address the question whether adoption severs the legal relationship between an adopted child and her biological sibling, and (2) that the BIA's construction is permissible. Accordingly, the Plaintiff's Motion for Summary Judgment is denied, and the Defendants' Motion for Summary Judgment is granted.

## II. BACKGROUND

The following facts are undisputed: Plaintiff Wan–Swin Susan Kosak was born in Taiwan in 1964, and was adopted by her aunt, Kuei–Mei Kosak, and Joseph Kosak, who were United States citizens. Kosak was granted an immigrant visa as an immediate relative, i.e., child of a U.S. citizen, and entered the United States as a lawful permanent resident in August 1981 based on that adoption. She was naturalized as a U.S. citizen in August 1987.

In February 1990, Kosak filed a Petition for Alien Relative (Form I–130) on behalf of her biological sibling, Wan–Gin Hwang, a citizen of Taiwan, born there in October 1968. This petition for preferential immigration status was filed pursuant to section 203(a)(4) of the INA, 8 U.S.C.

§ 1153(a)(4).[1] The Vermont Service Center (VSC) of the Immigration and Naturalization Service (INS), now known as the United States Citizen and Immigration Service (USCIS), approved the petition on September 12, 1990, and forwarded it to the U.S. Consulate in Taiwan for visa issuance.

Twelve years later, when a visa became available in 2002, the Consulate declined to issue a visa to Kosak, and ultimately returned the petition to VSC for consideration of revocation, stating that an adopted child may not confer immigration benefits upon a natural sibling. Kosak subsequently filed suit in the Eastern District of Pennsylvania, seeking adjudication of the petition that had been returned with the Consulate's revocation recommendation. Docket No. 03–6456.

On December 31, 2003, VSC issued a notice of intent to revoke stating that the petition had been approved in error. On February 27, 2004, plaintiff responded with a brief citing legal precedent to refute the basis for revocation. On March 16, 2004, VSC reaffirmed the approval of the petition, and again forwarded it to the Consulate in Taiwan for visa issuance. Thereafter, the parties entered a joint stipulation for voluntary dismissal of the federal litigation, which this Court approved by Order dated June 21, 2004.

By letter dated March 15, 2005, VSC notified plaintiff of its intent to revoke approval of the visa petition on the basis that the March 16, 2004 reaffirmation decision was legally incorrect. Plaintiff responded on May 12, 2005. On June 24, 2005, approval of the visa petition was revoked. On July 1, 2005, plaintiff appealed the revocation to the Board of Immigration Appeals (BIA), which upheld the revocation and dismissed the appeal by a written decision dated December 23, 2005.

In addition to the aforementioned uncontested facts, Kosak states that a meeting took place between representatives of the former INS and the Visa Office of the State Department at some time after June 21, 2004 and before March 15, 2005. She alleges that the purpose of the meeting was to resolve the difference between the INS's position and the State Department's position on her visa petition. Kosak's counsel attempted to either attend the meeting or submit a legal brief, or both,[2] but was advised that he could neither attend the meeting nor provide a brief.

### III. JURISDICTION

The Court has jurisdiction over this case under 28 U.S.C. § 1331[3] and the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*

### IV. STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56, Kosak filed a motion for summary judgment, seeking a declaration that the BIA's decision dated December 23, 2005 erred in affirming the revocation of her sibling's visa petition. Thereafter, defendants filed a motion for summary judgment seeking affirmance of the BIA's decision.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is

---

1. This section's original numbering was INA section 203(a)(5), 8 U.S.C. § 1153(a)(5).

2. The record is unclear as to whether Kosak's counsel attempted to attend the meeting or submit a legal brief, or both.

3. 28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). As noted in Part III, the facts in this case are largely undisputed.

■■■ In reviewing the BIA's decision of December 23, 2005, the Court will examine *de novo* the legal conclusions of the BIA. *Smriko v. Ashcroft,* 387 F.3d 279, 282 (3d Cir.2004). The Court will review factual findings under a "substantial evidence" standard, which presumes that the BIA's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Gao v. Ashcroft,* 299 F.3d 266, 271 (3d Cir.2002). Where the BIA is interpreting silent or ambiguous statutory provisions that Congress intended to leave to the BIA's discretion, the Court owes *Chevron* deference to the BIA's interpretation of such provisions. *INS v. Aguirre–Aguirre,* 526 U.S. 415, 423–25, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999); *Chevron USA Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If the BIA decision is supported by reasonable, substantial, and probative evidence of the record considered as a whole, the Court will not disturb it. *Compare Guo v. Ashcroft,* 386 F.3d 556, 561 (3d Cir.2004).

In *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* the Supreme Court set forth a two-step process for reviewing an agency's construction of a statute that it administers:

First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress

has not directly addressed the precise question at issue, the court does not simply impose its own construction of the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (footnotes omitted).

■■ "An agency interpretation of a relevant provision which conflicts with the agency's earlier interpretation is 'entitled to considerably less deference' than a consistently held agency view." *INS v. Cardoza–Fonseca,* 480 U.S. 421, 447 n. 30, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (quoting *Watt v. Alaska,* 451 U.S. 259, 273, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981)).

## V. DISCUSSION

### A. Statutory Provisions at Issue

Section 203(a)(4) of the INA establishes a fourth-level immigrant visa preference for "qualified immigrants who are the brothers and sisters of citizens of the United States." 8 U.S.C. § 1153(a)(4). Although the Act does not define "brother" or "sister," it does define "child" and "parent." The term "child" includes:

a child adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years: Provided, That no natural parent of any such adopted child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this chapter.

INA § 101(b)(1)(E), 8 U.S.C. § 1101(b)(1)(E). The Act then defines "parent" by reference to the definition of "child":

The terms "parent," "father," or "mother" mean a parent, father or mother, only where the relationship exits by reason of any of the circumstances set forth in . . . this subsection.

*Id.* at § 1101(b)(2). In the absence of explicit provisions defining "brother" or "sister," the USCIS defines siblings by their relationship to a common parent. Kosak, on the other hand, argues that the biological meaning of "brother" or "sister" controls.

## B. Past Agency Decisions—Precedential and Non–Precedential

In support of her position, Kosak urges the Court to adopt the view set forth in *Matter of Fujii*, 12 I & N Dec. 495 (BIA 1967). In that opinion, the INS District Director ("Director") held that a U.S. citizen could petition for immigration preferences on behalf of her biological brother, who had been given up for adoption as a child. Recognizing that the INA left the terms "brother" and "sister" undefined, the Director relied on the "normal definition [of sibling which] is a person having the same parent or parents as another." *Id.* at 496. Because the petitioner satisfied her burden of showing that the beneficiary was the legitimate child of her natural parents, the Director concluded that the beneficiary was her brother under this definition.

The Director justified his decision as follows:

To conclude without judicial or precedent administrative determination to the contrary (and we find none) that the relationship of brother and sister created by the legitimate birth of the petitioner and beneficiary to the same parents was destroyed by the subsequent adoption of the latter would be to place upon the statute a harsher construction than that intended by Congress.

*Id.* The Director further noted that, although INA § 101(b)(1)(E) precluded the biological parent of an adopted child from obtaining an immigration benefit via that child, there was no similar proscription regarding the natural siblings of an adopted child. *Id.* at 497. Significantly, because *Matter of Fujii*, was a decision by a District Director, it does not constitute BIA precedent. *Matter of Li*, 20 I & N Dec. at 706 n. 2 (citing 8 C.F.R. §§ 3.1(g), 103.3(c) (1993)).

To bolster their contrary position, defendants point to *Matter of Li*, 20 I & N Dec. 700 (BIA 1993), and *Matter of Xiu Hong Li*, 21 I & N Dec. 13 (BIA 1995), cases upon which the BIA relied in its decision of December 23, 2005. In *Matter of Li*, the BIA considered "whether a petitioner, who qualifies as an adopted child within the provisions of section 101(b)(1)(E) of the Act, can successfully petition for a natural sibling on the basis of their relationship to a common natural parent?" 20 I & N Dec. at 701. The BIA answered no, stating "to qualify as siblings under section 203(a)(5) of the Act, a petitioner must establish both that he and the beneficiary once qualified as children of a common parent *and that the parental relationship has not been severed.*" *Id.* at 703. (emphasis added). Relying on INA § 101(b)(1)(E), the BIA held that an adoption (which meets the statutory requirements) severs the relationship between a biological parent and an adopted child. Because the biological parent no longer retains parental status under the Act, the legal relationship between the adopted child and biological sibling also ceases, which leaves them without a common parent for immigration purposes.

In *Matter of Li*, explicitly rejected the analysis in *Matter of Fujii*, explaining that because "[a] sibling relationship can only be recognized through the fact of having a common parent within the definition of the

Act," no sibling relationship can be recognized through a natural parent who loses his or her "status" as a "parent" under the Act as a result of the proviso to section 10 1(b)(1)(E). 20 I & N Dec. at 706. Accordingly, *Matter of Li* concluded that *Matter of Fujii* was unpersuasive. *Id.* at 705.

In *Matter of Xiu Hong Li*, the BIA reiterated and reaffirmed the holding of *Matter of Li*. Both *Matter of Li* and *Matter of Xiu Hong Li* are precedential BIA decisions, unlike *Matter of Fujii*.

With the statutory provisions and the BIA's decisions in mind, the Court proceeds to a *Chevron* analysis.

## C. Congress has not spoken on this issue.

■ In reviewing the BIA's opinion dated December 23, 2005, *Chevron* dictates that the Court first consider whether Congress has directly spoken to the precise question at issue. Kosak argues that Congress has so spoken, through its use of the words "qualified immigrants who are brothers or sisters of citizens of the United States." INA § 203(a)(4); 8 U.S.C. § 1153(a)(4). Kosak contends that the definition of "brother" or "sister" proposed in *Matter of Li* is contrary to the plain meaning of those terms. In support of her position, Kosak relies largely on *Matter of Fujii*.

In *Young v. Reno,* 114 F.3d 879 (9th Cir.1997), the Ninth Circuit decided a case with virtually identical facts and arguments as Kosak's. When addressing whether Congress had directly spoken to the definition of sibling for visa preferential purposes under the INA, the Ninth Circuit reasoned as follows:

Although Congress did not expressly address preferences for natural siblings, we must give full meaning to its clear intention to prevent natural parents from gaining benefits.... Thus, neither

the plain language rule nor the failure by Congress to exclude preferences for natural siblings after adoption indicates that Congress clearly intended that the natural sibling relationship survive adoption for immigration purposes.

The legislative history of section 101(b)(1)(E) further indicates that, when Congress adopted these provisions, it was not concerned with, and did not contemplate, whether the legal relationship between natural siblings would survive adoption. Prior to the enactment of section 101(b)(1)(E) in 1957, United States citizens were unable to bring adopted children into the U.S. because the definition of "child" did not include adopted children. H.R.Rep. No. 1199, 85th Cong., 1st Sess. (1957), reprinted in 1957 U.S.C.C.A.N.2016. Although Congress's general purpose in enacting this provision was to keep families intact, their concern was focused on the adoptive, not the natural, family. Indeed, many of the adopted children were orphans. However, Congress did contemplate the effect of adoption on the natural-parent/adopted-child relationship, specifically providing that adoption severs that relationship. While [petitioner] is correct that congressional intent in adopting this provision was to preserve the family unit, there is no indication that this intention extended to natural siblings of adopted children.

We therefore conclude that Congress has not spoken on this precise issue....

*Id.* at 886.

This Court agrees with the analysis of the Ninth Circuit in *Young.* Based on that analysis, this Court concludes that Congress has not spoken directly on the issue of whether the legal relationship between natural siblings survives adoption for purposes of securing immigration benefits.

**D. The BIA's decision dated December 23, 2005 is a permissible construction of the statute.**

■ The second step of the *Chevron* analysis is to determine whether the BIA's interpretation is a permissible construction of the statute. Like the Ninth Circuit in *Young v. Reno*, 114 F.3d at 887, this Court concludes that, in interpreting "brother" or "sister" under the INA, the BIA may permissibly require a petitioner to show that she and the beneficiary once qualified as children of a common parent and that the parental relationship has not been severed.

As explained by the Ninth Circuit:

The [agency's] two-part test reasonably ties the sibling relationship to the primary familial relationship defined in the Act—the parent-child relationship. By doing so, the [agency's] construction: 1) stays within four corners of the INA and does not rely on external definitions; 2) gives full meaning to the express language of the section 101(b)(1)(E) proviso prohibiting natural parents from benefitting from adoption; 3) prevents a scenario specifically prohibited by Congress whereby adopted children obtain preferences for natural siblings who then obtain preferences for natural parents; and 4) is consistent with the overall structure of [the] Act, which emphasizes the primacy of the parent-child relationship and confers more benefits on parents than other relatives.

114 F.3d at 887.

For these reasons, this Court concludes that the BIA's interpretation of INA § 203(a)(4), INA § 101(b)(1)(E) INA, and *Matter of Li* in its decision dated December 23, 2005 is a reasonable and permissible construction of the statute.

**E. Kosak was not deprived of due process of law.**

■ Finally, Kosak argues that the defendants deprived her of due process of law. Her argument focuses on a conference between the State Department and the INS, and is based on her claim that she and her representatives were precluded from attending the conference and/or submitting a legal brief. Kosak alleges that the conference constitutes an arbitrary process, which denied her fair consideration. Pl. Br. 4–5. Defendants respond to this argument briefly, noting only that *Matter of Fujii*, was not controlling precedent when the relevant decisions were made in this case, and that the agency did not change its position at the meeting. Def. Mem. 11 n. 9.

Although the defendants' claim that the agency did not change its position at the meeting strains credulity, the Court concludes that the manner in which defendants conducted the meeting did not violate Kosak's due process rights. Kosak had no vested right in the issuance of a visa for her sibling notwithstanding how disappointing the ultimate denial of the visa might have been. *Young v. Reno*, 114 F.3d at 887; *De Avilia v. Civiletti*, 643 F.2d 471, 477 (7th Cir.1981). Accordingly, she cannot succeed on her due process claim.

**VI. CONCLUSION**

Employing the *Chevron* framework to review the BIA's decision dated December 23, 2005, the Court concludes (1) that Congress did not directly address the question whether adoption severs the legal relationship between an adopted child and her biological sibling, and (2) that the BIA's decision is a permissible construction of INA § 203(a)(4) and INA § 101(b)(1)(E). The Court further concludes that defendants' conference did not deprive Kosak of due process of law because she did not have a vested right in the issuance of a

visa for her biological sibling. Therefore, the Court grants the defendants' motion for summary judgment, and denies Kosak's motion for summary judgment.

An appropriate Order follows.

## ORDER

**AND NOW,** this 12th day of July, 2006, upon consideration of Plaintiff's Motion for Summary Judgment (Document No. 24, filed May 8, 2006), Defendants' Motion for Summary Judgment (Document No. 25, filed May 30, 2006), and Plaintiff's Brief and Reply to the Defendants' Motion for Summary Judgment (Document No. 26, filed June 19, 2006), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgment (Document No. 24, filed May 8, 2006) is **DENIED.**

2. The Defendants' Motion for Summary Judgment (Document No. 25, filed May 30, 2006) is **GRANTED.**

3. **JUDGMENT** is **ENTERED IN FAVOR** of defendants Robert Devine, Acting Deputy of U.S. Citizenship and Immigration Services, Michael Chertoff, Secretary of the Department of Homeland Security, Condoleeza Rice, Secretary of State for the United States, The Board of Immigration Appeals, the Executive Office of Immigration Review, and the U.S. Department of Justice, and **AGAINST** plaintiff Wan–Swin Susan Kosak.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **MARK** this case **CLOSED** for **STATISTICAL PURPOSES.**